STATE OF MISSOURI at the relation of DR. SAM H. SNIDER, Relator, v. HOPKINS B. SHAIN, WILLIAM E. KEMP, and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—137 S. W. (2d) 527.

Court en Banc, March 5, 1940.

*William F. Knowles, Paul C. Sprinkle* and *Sprinkle & Knowles* for relator.

*Cooper, Neel & Sutherland* and *Frank J. Rogers* for respondents.

CLARK, J.—This case was argued and submitted at the September Term, 1939, of this court en banc, and an opinion written. On January 8, 1940, a motion for rehearing was granted, the case reargued on February 9, 1940, and assigned to the writer.

Certiorari to review rulings of the Kansas City Court of Appeals in the case of Blunk v. Snider, 129 S. W. (2d) 1075. In such proceeding we are limited to the question of conflict between

the opinion of the Court of Appeals and the latest decisions of this court on the subject, either as to a general principle of law announced, or as to a ruling under a like or similar state of facts. [State ex rel. v. Shain et al., 343 Mo. 961, 124 S. W. (2d) 1141, l. c. 1142, and cases cited.]

In the trial court plaintiff recovered a judgment for injuries received at the intersection of Main and Thirty-First Streets in Kansas City, due to being struck by an automobile driven by defendant (relator) on Main Street while plaintiff, a pedestrian, was crossing said street going west on the south side of Thirty-First Street. The judgment was affirmed by the Court of Appeals.

■ Respondents have filed a motion in this court to dismiss for alleged failure of relator to comply with our rules in specifying the errors and point of conflict complained of. We hold that these matters are sufficiently set forth in that portion of relator's brief headed "Points and Authorities" and overrule the motion.

■ Relator contends: I. That the holding by respondents that plaintiff's Instruction No. 1 on the humanitarian theory is not erroneous conflicts with Buehler v. Festus Merc. Co., 343 Mo. 139, 119 S. W. (2d) 961, and other decisions of this court; II. That the holding of respondents that the trial court did not err, in refusing defendant's sole negligence Instruction No. F, conflicts with Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373, and other decisions of this court.

I. We set out plaintiff's Instruction No. 1 in full:

"The court instructs the jury that if you find and believe from the evidence that Main Street at the time and place mentioned in evidence, was a public street in Kansas City, Missouri, and that the defendant, Sam H. Snider, was driving his automobile in a northerly direction on said street at such time and place (if so), and if you further find that at such time and place plaintiff was crossing Main Street in a westerly direction (if so), and was in or coming into a position of peril of being struck by defendant's automobile (if you so find) and was oblivious of such peril (if so), and if you further find that the defendant saw, or by the exercise of the highest degree of care could have seen, the plaintiff in or immediately coming into a position of peril of being struck and injured by defendant's automobile (if you so find), and apparently oblivious of any impending danger (if any), in time thereafter, by the exercise of the highest degree of care on the part of the defendant, with the means at his command and with safety to himself and his automobile to have stopped his automobile and thereby avoided striking plaintiff, or to have swerved his automobile and thereby have avoided striking the plaintiff, or to have given a warning of the approach of his automobile, and thereby have avoided striking the plaintiff, and (if

you so find), if you further find that the defendant failed to exercise the highest degree of care in so stopping or swerving or sounding a warning, then you are instructed that the defendant was guilty of negligence, and if you further find that as a direct result of such negligence (if you find defendant was negligent), defendant's automobile struck the plaintiff and thereby injured her (if so), then you are instructed that regardless of any other fact or circumstance in evidence, your verdict must be in favor of the plaintiff and against the defendant.

" 'Highest degree of care,' as used herein, means that degree of care which a very careful and prudent driver of an automobile would exercise under the same or similar circumstances.''

Relator's first objection to the instruction is that it erroneously extended the scope of plaintiff's peril in which defendant was required to act under the humanitarian doctrine. The language complained of is: ". . . if you further find that at said time and place plaintiff . . . *was in or coming into* a position of peril of being struck by defendant's automobile (if you so find) and was oblivious of such peril (if so), and if you further find that defendant saw, or by the exercise of the highest degree of care could have seen the plaintiff *in or immediately coming into* a position of being struck and injured by defendant's automobile (if you so find), and apparently oblivious of any impending danger. . . .''

In Buehler v. Festus Merc. Co., supra, plaintiff's Instruction No. 2 told the jury that if they believe the automobile "became and was in a position of imminent peril" of being struck by the truck while crossing Mill Street, and defendant saw, or by the exercise of the highest degree of care, could have seen the automobile crossing Mill Street "approaching and in the aforesaid position of imminent peril," etc. We said: "That word *approaching* meant something in the instruction. According to its ordinary meaning it indefinitely extended the field within which vigilance under the humanitarian doctrine was exacted. But the law is that that duty does not arise *until* a situation of peril arises.''

The language condemned in the Buehler case was "approaching *and* in the aforesaid position of imminent peril.'' The language of the instruction in the instant case also extended the danger zone because it required defendant to act when he saw or should have seen plaintiff "*in or immediately coming into a position of peril.''* "Immediately'' means "nearly'' or "closely.'' A person immediately coming into a position of peril would be almost, but not quite, in such a position.

The opinion of the Court of Appeals holds that the language of plaintiff's Instruction No. 1, above quoted, does not constitute error because it is followed by "and was oblivious to such peril.''

In the Buehler case obliviousness was not mentioned in the instruction, but, as our opinion clearly shows, that was not the reason

nor one of the reasons why we condemned the instruction. We would have held it erroneous even though it had submitted the question of obliviousness. Obliviousness may extend the zone in which a situation of peril arises, but the duty of defendant to act does not begin *until* that situation of peril arises. The writer of the Buehler opinion says that the instruction there considered falls within the condemnation of both the dissenting opinions in the case of Perkins v. Ry., 340 Mo. 868, 102 S. W. (2d) 915. He wrote one of those dissenting opinions and discussed the effect of obliviousness at length. By its reference to the dissenting opinions in the Perkins case, the Buehler opinion clearly holds that the submission of obliviousness would not cure the error in the instructions there considered or in the one now under consideration. Indeed, the Buehler opinion seems clear enough on that point without reference to the Perkins case.

Respondents contend that a similar instruction was approved in State ex rel. Himmelsbach v. Becker, 337 Mo. 341, 85 S. W. (2d) 420, and Crews v. K. C. Public Service Co., 341 Mo. 1090, 111 S. W. (2d) 54. In the Himmelsbach case we said the word "approaching" was practically nullified by another instruction and by other parts of the same instruction and we also said: "We believe that instructions which omit such phrases as 'approaching imminent peril' or 'entering into a position of peril' would not tend to confuse the jury." In the Crews case we refused to condemn an instruction containing the phrase "immediately approaching a position of imminent peril" because the defendant's instructions submitted the same theory. Neither of these cases is authority for approving the instruction in the instant case. We hold that the opinion conflicts with the Buehler case.

■ Relator contends that plaintiff's said Instruction No. 1 assumes certain facts to be negligence, without submitting the question to the jury, and, for that reason, the opinion conflicts with our opinions in McKenna v. Lynch, 289 Mo. 16, 233 S. W. 175, and McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557. We do not think this contention is tenable. Plaintiff's Instruction No. 1 differs in wording from the instructions considered in those cases. Reading the instruction as a whole it required the jury to find whether or not, under the circumstances, defendant failed to exercise the highest degree of care. Of course, if he did so fail he was guilty of negligence.

Relator contends that the latter part of the instruction, to-wit, "then you are instructed that regardless of any other fact or circumstance in evidence, your verdict must be in favor of the plaintiff and against the defendant," eliminates the defense of sole negligence on the part of plaintiff, and that the holding of the Court of Appeals to the contrary conflicts with our opinion in Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47.

Plaintiff's instruction, in effect, told the jury that if they found defendant guilty of negligence in failing to stop, swerve or sound a

warning, etc., and further found that *as a direct result* of defendant's negligence plaintiff was injured, then they must find for plaintiff regardless of any other fact, etc. Of course, if the jury found that the injuries were the *direct result* of defendant's negligence, they couldn't find that they were due to the sole negligence of plaintiff. In that sense, plaintiff's instruction would be the converse of a "sole cause" instruction, but it would not prevent defendant from properly submitting his theory of sole cause. However, we understand relator's contention to be that the phrase "regardless of any other *fact*" etc., might lead the jury to understand that the finding should be for the plaintiff regardless of any *negligence* on her part. The instruction makes no reference to any possible negligence on the part of plaintiff, in which respect it differs from the instruction condemned in Smithers v. Barker.

Perhaps, it would have been better to omit the expression "regardless of any other fact or circumstance in evidence," but we are now concerned only with the question of conflict.

The instruction in Smithers v. Barker contained the following:

"And . . . this is so, even though you should find and believe from the evidence, that plaintiff did not exercise due care for his own safety, and was, or was not, then and there drunk and negligent, in getting himself into the aforesaid position of . . . peril, if any, at said time and place."

We held that this broad language would be in conflict with a proper sole cause instruction, for the self evident reason that it would eliminate as a defense any negligence of plaintiff, either contributory negligence or sole negligence. We think plaintiff's Instruction No. 1 is not subject to this objection and that there is no conflict with the case of Smithers v. Barker.

II. The trial court refused to give defendant's Instruction F on sole negligence, said requested instruction being as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant was driving his automobile north on Main Street and approaching the south end of the safety zone on the east side of Main Street and was traveling on or near the northbound street car tracks, if you so find, and if you further find and believe from the evidence that the defendant at said time was driving at about twenty miles an hour, if you so find, and if you further find and believe from the evidence that the defendant observed persons moving from the east curb line of Main Street and south of 31st Street toward said east safety zone, if you so find, and the defendant sounded his horn as a warning, if you so find, and slowed down the rate of speed of his automobile, if you so find, and continued on north at a rate of speed of from ten to twelve miles an hour, if you so find, and if you further find and believe from the evidence that the traffic lights at 31st and Main Street were green for north and south bound

traffic, if you so find, and if you further find and believe from the evidence that the plaintiff approached the northbound street car tracks on Main Street, if you so find, at a place just north of the north end of the said east safety zone, if you so find, and if you further find and believe from the evidence that the plaintiff moved past the east rail of the north-bound street car tracks, if you so find, towards the west, if you so find, and that at said time the automobile of the defendant was about 5 feet to the south of her, if you so find, traveling at said ten or twelve miles an hour, if you so find, and if you further find and believe from the evidence that plaintiff continued on to the west at a hurried rate of speed, if you so find, without looking to the left, if you so find, and directly into the path of defendant's automobile, if you so find, and against the red lights for pedestrians and traffic traveling to the west, if you so find, and if you further find and believe from the evidence that plaintiff traveled directly into the path of defendant's automobile and was struck thereby, if you so find, and if you further find and believe from the evidence that at all times the defendant was in the exercise of the highest degree of care and was not in any manner negligent in the operation of his automobile in approaching the place where plaintiff was struck or after plaintiff stepped past the east rail of the northbound street car tracks, if you so find, and if you further find and believe from the evidence that the sole and direct cause of the collision was the manner in which the plaintiff conducted herself as aforesaid, then you are instructed that the plaintiff cannot recover and your verdict shall be for the defendant.''

Relator contends that the holding of the Court of Appeals in approving the trial court's refusal to give this instruction conflicts with our opinion in Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373. We disapproved an instruction in the Borgstede case, but indicated that with a certain amendment we would approve it. However, the Borgstede instruction with the suggested amendment would differ materially from defendant's Instruction F. The Borgstede instruction, as amended, would submit to the jury the specific facts which would show lack of negligence on the part of the defendant; that is, it would require the jury to find that defendant, after he saw or should have seen the plaintiff in peril, did not have time in the exercise of the highest degree of care to swerve his car, slacken speed, sound a warning, etc. Defendant's Instruction F. did not require the jury to make such a specific finding, but merely required them to make the abstract finding that defendant was at all times in the exercise of the highest degree of care and was not in any manner negligent. This is one of the reasons given in the opinion of the Court of Appeals for its ruling on this question. We see no conflict with the Borgstede case.

Relator also contends that the holding of the Court of Appeals, in

approving the trial court's refusal of Instruction F, conflicts with our decision in Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742. That case, decided by Division Two of this court in November, 1936, approved defendant's Instruction No. 7 which reads as follows:

"The Court instructs the jury that if you believe and find from the evidence that on the occasion mentioned in the evidence plaintiff walked or ran against the side of the truck mentioned in the evidence near the left rear fender thereof, and if you further believe and find from the evidence that plaintiff's act in so walking or running against the side of the said truck, if you so find, was the sole cause of whatever injuries, if any, plaintiff sustained on said occasion, and was not due to any negligence on the part of the operator of the truck mentioned in the evidence in any particulars set out in other instructions herein, then and in that case plaintiff is not entitled to recover and you will find your verdict for the defendant."

That instruction, while worded in a different way, submits about the same matters as does Instruction F in the present case, except that the Doherty instruction, by using the phrase "and was not due to any negligence on the part of the operator of the truck mentioned in the evidence *in any particular set out in other instructions herein,*" refers the jury to and requires them to decide whether defendant had committed the specific acts set out in the other instructions which would constitute negligence on the part of defendant. As already pointed out, Instruction F does not require such specific finding.

We see no conflict between the opinion of the Court of Appeals and the Doherty case on this question.

On February 14, 1940, the relator filed in this court a paper suggesting the death on February 12, 1940, of Laura J. Blunk, plaintiff in this case. This being filed after the case was finally submitted here, calls for no action by us except to refer the matter to the Court of Appeals.

That portion of respondents' opinion in conflict herewith and the record made pursuant thereto should be and is quashed. All concur.