HERBERT LONG, an infant, by GROVER LONG, his next friend, Appel-
lant, v. LESTER MILD and JOHN H. MILD.—149 S. W. (2d) 853.

Division One, April 18, 1941.

*Hay & Flanagan* for appellant.

1004

Cobbs, Logan, Roos & Armstrong for respondents.

HYDE, C.—This is an action for $15,000 for personal injuries sustained in an automobile collision. The jury found for defendants, and plaintiff has appealed from the judgment entered.

Plaintiff went to the jury upon primary negligence charges that when defendants' driver "saw or by the exercise of the highest degree of care could and would have seen the automobile in which plaintiff was riding, . . . approaching in a northwardly direction along and upon said Telegraph road;" that "at said time there was danger of a collision between said automobiles if the defendant Lester Mild

turned said automobile truck to the left, and into the path of the automobile in which plaintiff was riding;'' and that he ''turned the automobile truck' mentioned in the evidence to the left and into the path of the automobile in which plaintiff was riding, and in close and dangerous proximity thereto, and that said automobiles collided and injured the plaintiff.'' Plaintiff's assignments of error go to the correctness of defendants' instructions 5 and 6; and to admission of certain evidence.

Plaintiff's evidence tended to show that the plaintiff (with other boys) was a guest in the car of Gus Eckman (they were returning from the Hillcrest Country Club where they went to caddy); that they were traveling north on Telegraph road, which was a 20-foot two-lane concrete highway with a chat shoulder on the east side; that they were approaching Winheim's store, which was on the east side of the highway just south of its intersection with Cliff Cave road; that they were traveling about twenty miles an hour when twenty feet south of the driveway south of the store; and that this was a private chat surfaced driveway about twenty feet wide, leading between two buildings, the north one of which was the store, and the one to the south of it was a shed with a loading platform. When the Eckman car was about fifteen to twenty feet south of this driveway, defendants' truck, driven by defendant Leslie Mild, was headed straight south, going slowly, and looked like it was going to stop, but instead ''picked up'' and made a left-hand turn in front of Eckman without signal or warning, when the Eckman car was ten or fifteen feet from it. Eckman said he swerved his car to the right, with two wheels off the concrete, and his car was struck by the defendants' truck, and then ran into the concrete porch of the store. Plaintiff said that ''no part of the Mild truck was off the slab when the collision took place.'' According to defendants' evidence, defendants' driver, as he came south on Telegraph road, slowed down at the intersection with Cliff Cave road and proceeded south ''driving about ten or fifteen miles an hour,'' to a point approximately west of the driveway between the shed and the store building; that he then slowed to a speed of approximately 10 miles an hour, indicated an intention (by hand signal) to make a left-hand turn, turned left, and turned his truck east; that prior to making the turn, he observed the car in which plaintiff was riding coming north on Telegraph road some 300 to 400 feet distant; that after he made the turn and got his truck off the pavement facing east, he saw the car in which plaintiff was riding was about twenty or twenty-five feet south off the highway on the chat shoulder and headed directly toward him; that he immediately set his brakes but was unable to swerve either to the right or the left prior to the impact itself; that ''at the time of the actual impact (he) was off the concrete slab with the whole truck;'' and that ''at the time of the collision (his) truck was barely moving . . . about five miles per hour.''

Defendants' instructions 5 and 6 were as follows:

"Instruction No. 5. The Court instructs the jury that any acts of negligence of the driver Guston Eckman, if you find him to have been negligent, may not be imputed to the plaintiff, Herbert Long. Nevertheless, the Court instructs you that, under the law of this State, if you find and believe from the evidence that the driver of the car in which plaintiff, Herbert Long, was riding, that is, Guston Eckman, swerved, drove, or permitted said car to be driven or swerved from the east side of Telegraph road off of the highway, at the point and place described in the evidence, and into the car being operated by the defendant, Lester Mild, when same was off the highway, at the point and place described in the evidence, if you so believe; or if you find and believe from the evidence that the driver of the car in which plaintiff, Herbert Long, was riding, was operating the same at a high and excessive rate of speed under the circumstances then and there existing, as described in the evidence, and if you further find and believe that these acts, or either of them, of the driver, Guston Eckman, if you so find, were the sole and proximate cause of the accident described in the evidence, and the injuries, if any, to the plaintiff, Herbert Long, and said accident was not due to any negligence on the part of defendant, Lester Mild, in any particular as set out in the other instructions herein, then your verdict must be in favor of the defendants.

"Instruction No. 6. The Court instructs the jury that the burden of proof is upon plaintiff to establish, by the greater or preponderating weight of the evidence, that the defendant, Lester Mild, was negligent, as that term is otherwise defined in other instructions herein, and that this negligence, if any, caused, or contributed to cause, plaintiff's injury, and unless the jury find and believe that the plaintiff has established these two facts by the greater or preponderating weight of the evidence as to the defendant, Lester Mild, then your verdict should be in favor of the defendants."

██ Plaintiff's first complaint against Instruction 5 is that there was no evidence upon which to base it. Plaintiff argues that the testimony of defendants' driver is contrary to physical laws and physical facts and should be disregarded. Plaintiff argues that his testimony amounts to a claim that, while the truck traveled 30 feet at about ten miles per hour, the Eckman car was traveling more than 300 feet and that the Eckman car would have had to travel in excess of 100 miles per hour to do this. Plaintiff says this was impossible for such a car, a small 1931 Willys sedan. Of course, these speeds and distances were all estimates and not accurate measurements. Clearly defendants' driver was talking about speed before he started to turn when he said he was driving from 10 to 15 miles per hour. Plaintiff's own evidence was that it looked like the driver was about to stop. Defendants' driver's estimate of his speed when the collision occurred

was "about 5 miles per hour." It would be reasonable for the jury to believe that he slowed to less than 10 miles per hour in actually making the left-hand turn off the highway. Plaintiff had evidence of Harry Hutchinson (a constable who was trying to catch the car in which plaintiff was riding) that it traveled at a speed of fifty or sixty miles per hour north on Telegraph road all the way from the Country Club to Benark's store, about two or three blocks south of the place of collision. Also Mrs. Gebhart, who lived on the east side of the highway "halfway between Benark's and Winheim's," testified that the Eckman car came around the curve in the road, south of her house, making much noise and going so fast that it could not hold the road. A third witness, on the question of speed, was Mrs. Warmbrodt, who lived across the highway (west) from Winheim's store and was also an eyewitness to the collision. She said that Eckman's car was going at a high rate of speed, which she judged to be between 50 and 60 miles per hour, and "swerved back and forth." It was also shown that the Mild truck weighed 4200 pounds, and that it had been swung around in a half circle, pivoting on its rear wheels, by the force of the impact. Defendants' driver testified that the rear wheels of his truck were four feet off the concrete at the time it was struck at the right front by the Eckman car, and that the marks on the shoulder of the road indicated that the Eckman car left the concrete highway 100 feet south of the point of impact. Plaintiff's argument amounts to the contention that defendants' driver was guilty of negligence as a matter of law. We cannot so hold, but on the contrary, we hold that it was for the jury to say from all the evidence whether or not he was guilty of negligence.

Plaintiff also says it was erroneous to submit a sole cause issue because it was not pleaded. However, such an issue can be raised under a general denial. [Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487; Smith v. Kansas City Pub. Serv. Co., 328 Mo. 979, 43 S. W. (2d) 548.] Of course, when it comes to submitting the issue, the instruction submitting it must hypothesize facts in evidence upon which it is based, as held in Watts v. Moussette, supra, and the other cases hereinafter cited.

Plaintiff further says "Instruction 5 is erroneous, because it assumes as true certain testimony given by defense witnesses when said facts were contrary to the evidence of plaintiff and highly contested." Plaintiff overlooks the rule that the defendant may base his instructions upon his own testimony (and thus prevail if the jury believes it), and is not required to submit his defense upon the facts shown by plaintiff's evidence which he disputes. [Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; Poague v. Kurn, 346 Mo. 153, 140 S. W. (2d) 13.] We think it is clear from a reading of the instruction that it requires a finding of all facts hypothesized and does not assume any of them.

█ Plaintiff also says that this instruction is misleading, and improperly uses the word "accident" in place of the word "collision." It would be better to use the word "collision." It may be that the jury would not have been confused by or misunderstood the issues by the mere use of the term "accident" in this manner in the part of the instruction where it is used. "Accident" is not submitted as an excuse against liability but only as descriptive of the occurrence. However, the word "accident" may be used for so many different meanings. [See Tomnitz v. Employers' Liability Assur. Corp. Ltd., 343 Mo. 321, 121 S. W. (2d) 745], that it should not be used in an instruction of this kind in this way. It should be made plain that negligence of defendant, or lack of it, is the only basis for a verdict.

█ Plaintiff's final criticism, and one that he must sustain, is that this instruction (No. 5) fails to sufficiently hypothesize facts, which would show that defendants' driver was not negligent and that the driver Eckman was negligent, as required in a sole cause instruction. We find, however, that this instruction does contain all of the essential elements, required for a sufficient sole cause instruction in such a case, in so far as the first ground of negligence stated is concerned, namely: "That the driver . . . Eckman, swerved, drove or permitted said car to be driven or swerved from the east side of Telegraph road off of the highway, at the point and place described in the evidence, and into the car being operated by . . . Mild, when same was off the highway. [Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742; Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7; McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792; Schroeder v. Rawlings, 344 Mo. 630, 127 S. W. (2d) 678; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; State ex rel. Snider v. Shain, 345 Mo. 950, 137 S. W. (2d) 527.] This required a specific finding that defendants' truck "was off the highway" where it would tend to show his lack of negligence and indicate negligence for the driver of the other car to come there to strike it (even so it would be better to say "was *completely* off the highway"); and that defendants' driver was not negligent "in any particular set out in the other instructions herein" negativing the negligence charged against him. It sufficiently hypothesized the negligent act of the other driver, relied upon as the sole cause, and required a finding that such act was the sole cause. (Even so it would be clearer to say "*negligently* swerved, drove, etc.") It also plainly informed the jury that no negligence of the driver could be imputed to plaintiff. Therefore, we hold the first hypothesized situation to be sufficient for a sole cause submission.

However, the second hypothesis (excessive speed) is put in as a separate distinct and wholly independent ground of negligence, which is generally stated, does not definitely refer to speed at the place of the collision and is not connected with the previously required

finding on the other negligence charge as to the position of the truck "off the highway." If the conjunction "and" had been used and the words "or either of them" had been omitted, we could hold the instruction good because defendants' evidence tended to show that there was negligent excessive speed which entered into and was a part of the cause of the swerving and driving off of the highway and running into defendants' truck when it was completely off the highway. No doubt excessive speed might have been properly submitted as the single sole- cause negligence. Nevertheless, the jury would not have been justified, under the evidence, in finding that there was negligence on the part of the driver Eckman (and none on the part of defendants' driver) which was the sole cause of the collision unless Eckman's car ran into defendants' truck when it was completely off the highway. (In other words, a collision on the highway would tend to show concurring negligence of both drivers.) It is evident that the separate independent ground of negligence of excessive speed requires no such finding. (It requires only a finding that Eckman "was operating same at a high and excessive rate of speed under the circumstances," and nothing else.) Such a separate independent ground hypothesized as a complete defense by itself must, of course, be complete and sufficient in itself, in the findings it requires, as well as warranted by the evidence, or it is reversible error. [See Gandy v. St. L.-S. F. Ry. Co., 329 Mo. 459, 44 S. W. (2d) 634, and cases cited.] It is apparent that this second hypothesized defense leaves out and fails to require the determination of a fact issue essential to defendants' defense, namely: A position of the truck at the time of the collision (caused by excessive speed if that caused it) which would show its driver's freedom from negligence. We, therefore, hold that the second hypothesized defense of excessive speed was wholly insufficient to be a good sole cause submission, and that this constituted reversible error.

Since there must be a retrial, we will consider plaintiff's assignment against Instruction 6. Plaintiff says that "where the defendant offers a 'sole cause' instruction and a burden of proof instruction, the burden of proof instruction should inform the jury that the burden is on the defendant to sustain his sole cause contention;" and that "telling the jury that 'unless the jury find these two facts,'" then the verdict must be for the defendants, "is very confusing and very misleading, for plaintiff only had to establish that the defendants' negligence caused his injuries, or that it concurred in causing his injuries." Concerning the first criticism, it is sufficient to say that the "sole cause" defense is not an affirmative defense, but, as held by this court en banc in Smith v. Kansas City Public Serv. Co., supra, it is one that can be made under a general denial. Therefore, it is correct to say that plaintiff had the burden of proof on the issue of negligence of defendants' driver, and, as also held

in the Smith case, it would be error to say otherwise. Concerning the second criticism, we do not think it improper or confusing to tell the jury that plaintiff must prove both that defendant was negligent, and that his negligence "caused or contributed to cause plaintiff's injury." We however, suggest the substitution of the word "propositions" for the word "facts," but we hold that there was no prejudicial error in defendants' Instruction No. 6.

As to plaintiff's further contention that it was error to permit "witness Hutchinson, the deputy constable, to testify in behalf of the defendants that the Eckman automobile when it was on a country road several miles from the point of collision and up to within three and one-half blocks from the point of collision traveled at a speed of 50 to 60 miles per hour," we consider that defendants' evidence sufficiently connected up this speed testimony by evidence tending to show that such speed was continuous all of the way from the County Club to the place of collision. The constable said that he followed the Eckman car to the curve just south of the place of collision, when he stopped with a nail in his tire. Mrs. Gebhardt said she saw the car coming around this curve, swerving to the wrong side of the road and making much noise. She watched it until it was near the refreshment stand south of the Winheim store. Mrs. Warmbrodt saw it at that point and observed its course until the collision occurred. All testified to approximately the same speed. We hold that there was no error in the admission of this evidence. Likewise, we could not sustain plaintiff's claim that it was error to permit Hutchinson "to testify that he examined the brakes on Eckman's car one-half hour after the collision and after the car was badly damaged in its contact with the concrete step, and found that the brakes went all the way to the floor board." While, as plaintiff says, "this witness was not an expert on brakes," and there was no showing that the brakes were bad before the collision, we think the matters urged go to the weight of his testimony. Eckman, himself, gave only the faint praise, that "the brakes were fairly good." The constable related what he did in examining the brakes, and there was no evidence to show that the brakes were damaged in the collision. Certainly lack of control at the speed alleged was within the issues to show negligent speed.

The judgment is reversed and the cause remanded. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.

## On Motion For Rehearing.

HYDE, C.—Defendants' motion for rehearing states that the opinion herein "adds to the law of sole cause instructions a new, un-

heard of and additional requirement that the instruction must hypothesize facts which negate defendants' negligence, as well as facts tending to prove negligence on the part of the driver." Defendants say that this is in conflict with the opinion of the Court en Banc in State ex rel. Snider v. Shain, 345 Mo. 950, 137 S. W. (2d) 527. Defendants evidently overlooked the following statement therein specifying the necessity of this very requirement:

"The Borgstede (Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373) instruction, as amended, would submit to the jury the specific facts *which would show lack of negligence on the part of the defendant*; that is, it would require the jury to find that defendant, after he saw or should have seen the plaintiff in peril, did not have time in the exercise of the highest degree of care to swerve his car, slacken speed, sound a warning, etc. Defendant's Instruction F (refused for that very reason) *did not require the jury to make such a specific finding, but merely required them to make the abstract finding* that defendant was at all times in the exercise of the highest degree of care and was not in any manner negligent." [137 S. W. (2d) l. c. 531.]

Thus this Court en Banc upheld the Court of Appeals' refusal of an instruction for the same defect we pointed out in defendants' submission of excessive speed in this case. Defendants also say that this so-called new requirement would overrule the opinion of Division 2, in Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742. A reading of the instruction in that case will show that it did hypothesize facts "which would show lack of negligence on the part of the defendant;" namely, that "plaintiff *walked or ran against the side of the truck* mentioned in the evidence *near the left rear fender*," which was concededly being driven forward. (Of course, if defendant had been backing this truck, a sole cause situation might not be thus presented.) The hypothesized facts necessarily showed a position of peril arising after defendant's driver had passed plaintiff in a place of safety and, therefore, did negate defendant's negligence. The Court said, in discussing this instruction:

"Should a defendant, under the humanitarian rule, be restricted to disprove one or more of the facts upon which that rule rests? Or may he affirmatively *show a state of facts which, if true, would place the entire blame for the injury upon the plaintiff*, and by an appropriate instruction submit that question to the jury? We think the latter rule correct. . . . The defendant merely presented for consideration of the jury *the facts* relied upon for its defense. *If the facts were as presented* by the defendant, plaintiff was not entitled to recover under the humanitarian doctrine." (Of course, this was true because such facts "would show lack of negligence on the part of the defendant" as required in State ex rel. Snider v. Shain, supra.)

How could the defendant "show a state of facts which would place the entire blame for the injury upon the plaintiff," or a third party, unless such facts did negate defendant's negligence? Of course as an abstract legal proposition, it is correct to say that a plaintiff cannot recover from the defendant if his injuries resulted from his own sole negligence or the sole negligence of a third party who was the driver of the car in which he was riding. However, the mere statement of such an abstract legal proposition does not make a proper jury instruction. As this court said of such an instruction, "the cryptic way in which this information was conveyed to the jury was calculated not to enlighten, but to confuse." [Boland v. St. L.-S. F. Ry. Co. (Mo.), 284 S. W. 141; see also discussion of such an instruction in Peppers v. St. L.-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757; Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S. W. (2d) 673.] This is because jurors are not learned in the law, and it is the function of a jury to decide fact issues; they should not be asked to pass upon questions of law. A jury can only undertand how to reach a correct general verdict by being told what facts must be found to reach each possible result under the evidence. In Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487, this court reached the conclusion "that a defendant in a negligence case, who invokes as a defense the negligence of a third party as being the sole cause of the injury complained of, should, in the instruction submitting that issue, submit the specific negligence of such third party which the evidence tends. to support, whether such defendant has pleaded the specific negligence of the third party or has answered by a general denial as to the negligence charged against him." Of course, this can only mean that facts shall be hypothesized which not only show the negligence relied on as sole negligence but also show that such negligence was the sole cause, and not merely a concurring cause. [See, also, Reiling v. Russell, 345 Mo. 517, 134 S. W. (2d) 33; McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792.] Before a defendant can be entitled to a sole cause instruction, he must have evidence which tends to prove facts that will sustain it. [Crews v. Kansas City Pub. Serv. Co., 341 Mo. 1090, 111 S. W. (2d) 54.] It must follow that to properly submit a sole cause issue he must hypothesize such facts. Therefore, his instruction must hypothesize facts which show he was not guilty of any negligence, and that plaintiff was, in order to show a situation in which a finding of sole cause could be made. Clearly, therefore, the opinion herein makes no new requirement for a sole cause instruction but only requires facts to be hypothesized which would be sufficient to show a situation in which the negligence of the third party (the driver with whom plaintiff rode) could be sole cause (instead of merely concurring) negligence.

Defendants also erroneously construe the opinion to mean that excessive speed could never be the sole cause of a collision which

occurred *on* a highway. Defendants say: "Suppose that plaintiff's car was going 75 miles an hour. In that event Mild could not have gotten off the highway." Of course, since there was no such case as that before us, it would be *obiter dictum* to make a ruling about such a hypothetical case. Our opinion only intended to rule the effect of the facts shown by the evidence in this case. We held that, under the evidence most favorable to defendants (that Mild had driven his truck completely off the highway before it was struck), there was a situation shown which would warrant a finding that he was not negligent and that the driver of the other car was guilty of negligence which was the sole cause of the collision. We also held (and we reaffirm that holding) that merely to require a finding of negligent excessive speed, without any finding of *facts* as to where defendants' truck was when the collision occurred, was not sufficient because this authorized a verdict for defendants even if both drivers were negligent. In other words, the situation, which the jury was required to find, was so generally stated that it would include a concurring cause (as a reason for finding for defendants) as well as sole cause. Therefore, we could not say that the jury found a sole cause situation unless we would assume that the jury could correctly apply the law of sole cause to the evidence without any guidance as to specific facts required to be found to reach a correct result. If we would make such an assumption as to a sole cause defense we might just as well give juries only abstract general statements of law in any kind of defense, or for that matter in the submission of a plaintiff's case. The whole law of instructions is otherwise in this State.

The motion for rehearing is overruled. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.