MIKE STANICH, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, a Corporation.—153 S. W. (2d) 54.

Division One, July 2, 1941.

*C. O. Inman* for appellant.

190

*Jones, Hocker, Gladney & Grand, Web A. Welker* and *Vincent L. Boisaubin* for Western Union Telegraph Company; *Francis R. Stark* of counsel.

HYDE, C.—This is an action for $25,000 damages for personal injuries. Plaintiff was a guest in an automobile which collided with defendant's barricade, in the street, alleged to have been insufficiently lighted. Defendant's answer was a general denial. The jury found for defendant. Plaintiff has appealed from the judgment entered.

Plaintiff assigns error in instructions. Plaintiff was riding in a car owned and driven by N. M. Jakovac north on Broadway in St. Louis. Jakovac drove, "at the rate of twenty or twenty-five miles per hour," for several blocks behind a large transport truck which made a left turn (west) upon reaching Cass Avenue. Jakovac continued northwardly, on the right side of the east street car track, into the intersection and struck defendant's barricade ("between the easternmost street car track and the east curb") in front of a manhole which it was repairing; and plaintiff was injured. Jakovac said that when the truck turned he was about twenty feet behind it (he swung to the right when the truck slowed down to turn); that he "must have run thirty or thirty-five feet before (he) saw this barricade;" that "about ten feet away from that barricade (he) noticed a flicker of light which happened to be a lantern;" and that he "made a quick swerve to the left, stepping on the brakes at the same time" but went about fifteen feet after striking the barricade. (He said he could stop his car in about 20 feet at 20 miles per hour.) He said that there were "no flares or torches of any kind on the street and no reflectors on the barricade;" that the "flicker of light (he saw) was in a lantern placed on the southwest side of the barricade behind

the bar'' (of the barricade) which ''partly hid the light from view;'' that ''there were no other lanterns burning upon the barricade;'' and that, after the collision, he found two cold lanterns with no oil in them, and one warm with ''just a trifle of oil in it.'' Plaintiff had evidence that it ''would take at least thirty minutes for the lantern to cool off, in the summertime, after it went out.''

Defendant's evidence was that the barricade was set up on the south line of Cass Avenue, about 4:30 P. M. (collision occurred about 9:30 P. M.), with three lanterns filled with oil, sufficient to burn in excess of twenty-four hours, wired to prevent them swinging, ''one to the south, one to the east, and one to the west.'' The barricade was open to the north ''where there would be no traffic going into it.'' It was also shown that the same kind of ▮▮ barricade and lights were used all over St. Louis by defendant and others. Defendant had a witness who said he came by the barricade and saw the lights (at least two) burning ''about fifteen minutes before the accident happened;'' that he ''saw the accident'' from a place where he was visiting with relatives about 150 feet north; that ''the lights burned until it (the barricade) hit the street and that broke them and put them out;'' and that he ''lit one of the lanterns'' (which was not broken) and put up the barricade after the collision. Defendant also had the testimony of police officers that the lanterns were burning about a half hour before the collision and that they found oil in the street around the broken glass of the lanterns.

Plaintiff assigns the giving of defendant's instruction No. 7 as error. This was a sole cause instruction, as follows:

''The court instructs the jury that if you believe and find from the evidence in this cause that the accident mentioned in the evidence, and in which plaintiff alleges he was injured, was caused on account of the sole negligence of defendant Nicholas M. Jakovac, and that there was no negligence on the part of The Western Union Telegraph Company causing or contributing to cause said accident, then your verdict must be in favor of defendant 'The Western Union Telegraph Company.' ''

This court has been called upon to consider sole cause instructions frequently since the Court en Banc in Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373, overruled Causey v. Wittig, 321 Mo. 358, 11 S. W. (2d) 11. The effects and requirements of the Borgstede case, and those following it, as to sole cause instructions, seems to have been misunderstood.

▮▮ Since under our jury system, the jury does not have the function of deciding questions of law, the primary purpose of instructions must be to inform the jury, as triers of the facts, what fact issues are to be favorably decided to reach each possible verdict. Mere statements of abstract legal propositions therefore do not make proper jury instructions. Instead each instruction authorizing the

finding of a verdict (for plaintiff or for defendant on an affirmative defense) must require the finding of all essential fact issues necessary to establish the legal proposition upon which the right to it is based. [Constructing & Reviewing Instructions—Trusty, sec. 2; Dorman v. East St. Louis R. Co., 335 Mo. 1082, 75 S. W. (2d) 854.] Because the plaintiff has the burden of proof to establish every fact necessary to a verdict in his favor, defense instructions may be properly given which authorize a defendant's verdict upon a converse finding on any fact issue essential to a verdict for plaintiff. [Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; Doherty v. St. Louis Butter Co., 339 Mo. 996, 93 S. W. (2d) 742; Trusty—Instructions, p. 117, sec. 26a, p. 246, sec. 34(1)a.] However, when the defense is a matter of submitting another state of facts, which (if true) would show that plaintiff has no right to recover, then such facts, and not the legal proposition which they would establish, should be submitted in the instruction authorizing defendant's verdict on such a theory. Because statements of abstract legal propositions do not inform the jury as to fact issues, in such a situation, this court some time ago held an instruction improper which contained only the abstract proposition that a plaintiff, in a guest case, could not recover if the injuries sustained resulted from the sole negligence of the driver of the automobile, saying, "the cryptic way in which this information was conveyed to the jury was calculated, not to enlighten, but to confuse." [Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 141, l. c. 145; followed in Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757, likewise a guest case; also followed in Decker v. Liberty (Mo.), 39 S. W. (2d) 546; Crowley v. Worthington (Mo.), 71 S. W. (2d) 744; Smith v. St. Louis-S. F. Ry. Co., 321 Mo. 105, 9 S. W. (2d) 939.] Later, the Court en Banc went further (too far) and held erroneous even a defendant's instruction, which hypothesized facts showing a sole cause situation in a humanitarian case. [Causey v. Wittig, 321 Mo. 358, 11 S. W. (2d) 11.] The rule established by the Causey case was thereafter understood to mean that "the only defense (submissible) in a case properly submitted on the humanitarian rule is to disprove *one or more of the basic facts* on which that rule rests." [Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S. W. (2d) 673.] Thus a defendant in such a case was limited to converse humanitarian instructions, and was not permitted to submit facts shown by his own evidence which would disprove *all* of the basic facts of a humanitarian negligence case by showing a situation in which he could not have been negligent and in which plaintiff's negligence was necessarily the sole cause.

 The Court en Banc, in Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373, also a humanitarian case, overruled the Causey case. While the refusal of the offered instruction in the Borgstede

case was approved, the court held that it would be proper to give such an instruction (which as offered was really a converse humanitarian instruction combined with facts tending to show plaintiff's sole negligence) hypothesizing facts shown by defendant's evidence under which, if true, he could not be guilty of any negligence charged. Although neither the Causey instruction nor the Borgstede instruction used the term "sole cause," the facts hypothesized showed a sole cause situation. The court held that "a finding, by a jury, of the facts as contained in the instruction mentioned, was equivalent to a finding that deceased's negligence was the sole cause of the collision." The theory of the Borgstede case was that, since "a plaintiff's instruction, authorizing a verdict, sets forth the facts in evidence relied on for a recovery. . . . By every rule of justice a defendant should be accorded the same right and have his theory submitted to the jury in the same manner." Therefore, "a defendant is not obliged to include in his instruction facts relied on by the plaintiff for a recovery." In other words, each party has the right to submit to the jury the *facts*, which he has substantial evidence to prove, and to have the jury instructed that they should return a verdict for him if they find such facts to be true.

While the Borgstede case was pending and before it was finally decided in Banc, Division One decided, in Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487, a guest case, following the Boland and Peppers cases, and also discussing other more recent cases, that an abstract sole cause instruction was erroneous. This court held that relying on a sole cause situation shown by defendant's evidence (which proof was held proper under a general denial) was like showing and relying upon specific negligence for recovery after a plea of general negligence, which required submission of specific negligence when specific negligence was shown by the evidence. Therefore, this court held that specific negligence, which the evidence tended to show was sole cause negligence, must likewise be submitted to the jury with the requirement that they find such negligence to be the sole cause of plaintiff's injuries. It was also said a statement that negligence of a driver cannot be imputed to a guest should be made in such a case.

Although general pleadings are allowed in many instances (general statements, not asked to be made specific, and general denials) nevertheless a lawsuit should at some time be reduced to and decided upon definite and certain issues. In a jury trial the time for specifying fact issues is, at least, when the case is submitted to the jury. Only by so doing can it be possible for the jury to perform its proper function of deciding the facts of the case. If juries are to be required to decide cases on the fact issues actually developed in the trial, there can be no escape from the logic of this opinion (Watts v. Moussette, supra) requiring that such facts, as they must determine favorably in order to decide for defendant, on either a plaintiff's or a third party's

sole cause negligence, must be stated in the instruction authorizing such a verdict.

The next case, in which this question was considered, was Doherty v. St. Louis Butter Company, supra, in Division Two (by the author of the Borgstede case) which did hypothesize acts of plaintiff showing a sole cause situation and requiring the jury to find that these acts were the sole cause of his injuries and "not due to any negligence" of defendant's driver "in any particulars set out in other instructions," which hypothesized plaintiff's charges of negligence. This instruction was approved, on authority of the Borgstede case, because "if the facts were, as presented by the defendant (in the instruction), plaintiff was not entitled to recover under the humanitarian doctrine." This court also held therein that a defendant in a humanitarian case should not "be restricted to disprove one or more of the facts upon which that rule rests" but should be permitted to "affirmatively show a state of facts which, if true, would place the entire blame for the injury upon the plaintiff, and by an appropriate instruction submit that question (of finding such facts) to the jury."

The matter was further considered in Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7, in Division One, and all of the above cases discussed. The instruction considered in that case made humanitarian negligence of plaintiff a defense in a case submitted on both primary and humanitarian negligence ▮▮▮ charged against defendant. This court held the instruction erroneous because it "could easily mean that plaintiff's negligence, whether the sole cause or not, would bar his recovery under the humanitarian rule." This court therein stated that, in addition to stating the facts necessary to be found, such an instruction "when a cause is submitted under primary negligence and the humanitarian rule, such instruction should, in order to avoid confusion and conflict, contain the sole cause provision and what we may term a *not due* to the negligence of the defendant provision as in the Doherty case, and also a plain direction that contributory negligence is not to be considered in determining recovery under the humanitarian rule." It also called attention to the requirements of Watts v. Moussette, supra, in guest cases, to state that the driver's negligence could not be imputed. Since then sole cause instructions, which failed to hypothesize facts sufficient to show a sole cause situation, have been held either erroneously given, or properly refused, in McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792; Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47; Schroeder v. Rawlings, 344 Mo. 630, 127 S. W. (2d) 678; Reiling v. Russell, 345 Mo. 517, 134 S. W. (2d) 33; State ex rel. Snider v. Shain, 345 Mo. 950, 137 S. W. (2d) 527; Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853; see also Shields v. Keller, 348 Mo. 326, 153 S. W. (2d) 60, decided concurrently herewith. It was further held in Crews v. Kansas City Public Serv. Co., 341 Mo. 1090, 111 S. W. (2d) 54 (humanitarian negligence

case) that the defendant therein was not entitled to have a sole cause instruction because defendant's evidence did not show a sole cause situation, and, therefore, would not support a sole cause instruction. In Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562, an instruction in a humanitarian case, which did hypothesize facts sufficient to show a true sole cause situation, was approved. Likewise, in Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, an instruction held to hypothesize sufficient facts in a guest case (submitted on primary negligence), was approved.

Obviously what the Court en Banc did by the Borgstede case, overruling the Causey case, was to authorize a defendant's instruction to submit facts, which are shown by defendant's evidence and which (if true) show that plaintiff would have no case because such defendant under such facts could not be guilty of the negligence charged against him and such facts would show negligence solely on the part of the plaintiff. Obviously also, it did not by overruling the Causey case approve of submitting such a defense (any more than submitting a plaintiff's case) upon an abstract general legal proposition which would give the jury a roving commission as to facts and permit them to pass upon a question of law according to any theory they could construct or evolve in their own minds. [Reiling v. Russell (second appeal), 348 Mo. 279, 153 S. W. (2d) 6.] In short, overruling the Causey case did not have the effect of overruling all previous requirements for submitting cases only upon facts supported by the evidence of the party offering the instruction. Clearly such an abstract general instruction as defendant's instruction No. 7 has been uniformly held erroneous both before and after the Causey case and also since it was overruled by the Borgstede case. We must, therefore, hold that it was erroneous and prejudicial herein, "unless we would assume that the jury could correctly apply the law of sole cause without any guidance as to specific facts required to be found to reach a correct result." [Long v. Mild, supra.] To hold otherwise would authorize juries to decide questions of law instead of trying the facts.

■ Defendant contends, however, that any error in this instruction was cured by plaintiff's instruction No. 2, which was as follows:

"You are instructed that the negligence, if any, on the part of Mr. Jakovac, the driver of the automobile mentioned in the evidence, cannot be imputed to or charged against the plaintiff and cannot affect his right, if any, to recover against the defendant unless such negligence, if any, of Mr. Jakovac was the sole cause of the collision and injuries to plaintiff.

"Therefore, even though you find and believe from the evidence that Mr. Jakovac was guilty of negligence, nevertheless if you find and believe from the evidence that defendant was also guilty of negligence in the manner submitted to you in other instructions given you, and that such negligence, if any, directly contributed to cause

the collision and injuries, if any, to plaintiff, then you cannot find against ▮▮▮ the plaintiff on the ground that the driver of .the automobile, Mr. Jakovac, was also guilty of negligence.''

Concerning the criticism, based on Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7, and Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487, that the instruction failed to advise the jury that the negligence of Jakovac could not be imputed to plaintiff, we hold that this could not be prejudicial because of the plain statement to that effect in instruction No. 2, which also made it clear that if both defendant and Jakovac were negligent, the concurring negligence of the latter was not a defense. As we said in Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562, it is not necessary to explain this to the jury in every instruction. Since then it has been said in Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, that such a statement should not be made an essential requirement of a defendant's instruction which sufficiently hypothesizes a sole cause act, requires a finding that such act was the sole cause and that defendant was not negligent in any particular submitted; but would leave it to plaintiff to so instruct. We think this is the sound view and rule that the statement of such a requirement in Dilallo v. Lynch (and the cases it followed) must be disapproved. [See Shields v. Keller, 348 Mo. 326, 153 S. W. (2d) 60, decided concurrently herewith.] However, we do not think it should be held that plaintiff's instruction cured defendant's failure to submit any fact issues or to hypothesize any act claimed to be negligence of the driver which could be the sole cause of plaintiff's injuries. Plaintiff's instruction may have recognized that a sole cause issue was made by defendant's evidence, but plaintiff was compelled to recognize that issue when the court gave defendant's instruction on it. At most, it could only be said to have invited a sole cause instruction; even so it should be held to have invited only a correct instruction and could not reasonably be held to be a waiver as to an incorrect one. [Schide v. Gottschick, 329 Mo. 64, 43 S. W. (2d) 777; Clason v. Lenz, 332 Mo. 1113, 61 S. W. (2d) 727; Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S. W. (2d) 548; Reiling v. Russell, supra.] It was not plaintiff's duty to attempt to tell the jury what facts shown by defendant's evidence would constitute sole cause negligence, and plaintiff did have the right to seek to make the erroneous abstract submission less confusing by eliminating from consideration mere concurring negligence of the driver. We hold that there was no waiver of the erroneous abstract submission.

▮▮ ▮▮ Plaintiff also assigns as error the giving of. defendant's instruction No. 4 and the refusal of plaintiff's instruction C. The objection to instruction No. 4 is that it stated defendant's duty was to have lighted lanterns on the barricade "so that they were visible to approaching motorists." Plaintiff says the instruction should have specifically stated the duty to have them visible to northbound motor-

ists. It seems reasonable to believe that qualified jurors would understand this instruction to include the duty to have lanterns visible to northbound motorists which apparently, from the location of the barricade, was the direction from which most (if not all) motorists did approach it. Plaintiff's instruction C made failure to have a warning sign or flares ahead of the barricade negligence, even if it had lighted lanterns on it. Plaintiff did not have sufficient evidence to show the necessity of such additional warning devices. Defendant was only required to exercise ordinary care and its evidence showed (with nothing to the contrary) that its barricade and lighting was the usual and customary method adopted throughout the City under similar circumstances. We, therefore, overrule these assignments. Plaintiff also assigns error in the cross-examination of its witness Jakovac (the driver), but this matter will probably not occur again on retrial.

The judgment is reversed and the cause remanded.

*Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.