Robert CARGILL, Sr., et al., Appellants,

v.

Bertha M. ARMOCIDO, Respondent.

No. 55862.

Supreme Court of Missouri, Division No. 1.

Feb. 22, 1972.

Albert J. Yonke, Kansas City, for appellants.

Heilbron & Powell, Sylvester Powell, Jr., Kansas City, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Action for $25,000 for wrongful death. Jury verdict for defendant and plaintiffs appeal from the judgment entered. We affirm.

The deceased, Robert Cargill, Jr., father of the minor plaintiffs, died from injuries sustained in a collision between the motorcycle he was riding and an automobile driven by defendant. The collision occurred on the evening of December 14, 1966. Instruction No. 5, authorizing a verdict for defendant, submitted as deceased's contributory negligence that he "operated his motorcycle on the highway without a headlight burning." Plaintiffs say: "The sole question on this appeal is whether the trial court erred in admitting the testimony of defense witnesses Linda Young and Charles Smith concerning the absence of lights on deceased's motorcycle at the 54 Cafe."

The testimony of these two witnesses, who were employees at the 54 Cafe, was that they saw Cargill in the parking lot of the Cafe with the lights of his cycle off, saw him drive away from the parking lot and turn south on Subway Boulevard, the street on the west side of the Cafe, without his lights on; and that Linda said to Charles "he had better turn his lights on." They both said it was dark at that time. The collision occurred a block and a half south at the intersection of Allison Street and Subway. There was one street, Hickory, between the Cafe and Allison Street, the Cafe being in the middle of the block north of Hickory. According to the police officer who came to the place of the collision the distance from the Cafe exit to Allison Street was 540 feet. Cargill's father, who estimated the distance by stepping, said it was 696 feet (232 steps). Plaintiffs' claim is that the testimony of Linda and Charles was only proof of a prior act, too remote and unconnected to permit an inference of no lights on the cycle at the moment of collision.

Our view is that plaintiffs' claim is without merit for two reasons: first, plaintiffs made no such objection to the testimony of Linda Young when her testimony was received; and second, we con-

sider that this testimony as to no lights on Cargill's cycle was sufficiently connected with the collision by the testimony of defendant and other evidence. During Linda's testimony the only objection made was to what she said to Charles Smith when Cargill turned on to Subway Boulevard on leaving the Cafe lot. Court was adjourned after her testimony and when court convened on the next morning, plaintiffs moved to strike her testimony. Objection should have been made when questions concerning this matter were asked to preserve any such issue on appeal. See Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S.W.2d 742, 747; Appelhans v. Goldman, Mo.Sup., 349 S.W.2d 204, 207 and cases cited. It appears that plaintiffs' counsel had made some statement to the court about this evidence before the trial commenced, as to which no ruling or record was made, but that was no excuse for failure to object when this testimony was offered.

■ In any event, defendant testified that she was driving her car north for 12 miles with her lights on and that cars she met had lights on; and that as she came north on Subway toward its intersection with Allison she intended to turn left, west, there to go to a house on the north side of Allison. Defendant said she slowed from 20 miles per hour to five miles per hour and turned on her left turn signal half a block south of Allison. She said "I looked carefully behind me and in front of me" and there were no lights behind or coming toward her. There was no rain or snow that evening. Defendant said as she started to turn her car into Allison it was struck by Cargill's cycle and thrown sideways. Defendant did not see the cycle before it struck her car and did not know what hit her. Defendant said "I did not see him * * * and he had no lights." She further said: "I was looking for cars, or any lights coming ahead of me. But there was no lights."

Plaintiffs argue that inconsistent statements of Linda Young and Charles Smith about the time Cargill left the Cafe indicate Cargill might not have gone directly from the Cafe to the place of the collision. However, the police officer who was notified by radio of the collision testified he received the call at 5:43 P.M. and arrived at the scene of the collision at 5:45 P.M. going on Hickory Street to Subway Boulevard. Linda Young said whatever the time was when Cargill left the Cafe, she saw the police-car come on Hickory Street with its red light on and turn south on Subway within five to ten minutes after Cargill left without lights. After measurements and photographs were taken, the officer came to the Cafe and questioned Linda and Charles about seeing Cargill leave the Cafe and as to whether he had any lights on. The officer included their statements in his report.

Defendant mainly relies on Suarez v. Thompson, Mo.Sup., 283 S.W.2d 584, where a passenger was killed by falling from the door of a car of a moving train. Plaintiff showed the door had been opened when the train was previously stopped at a station. However, there was testimony that the door was closed when the train left the station. While we said the plaintiff was not bound by this testimony, we affirmed the judgment for defendant. Plaintiffs herein rely on the statement we made that while " 'Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time. * * * The inference is extremely faint in connection with matters of intrinsic impermanency.' " Plaintiffs argue intrinsic impermanency of starting with lights off as a reason for refusing to admit the testimony of Linda Young and Charles Smith. Plaintiffs also cite Martin v. Sloan, Mo.Sup., 377 S.W.2d 252, 257, involving identification of a driver of a car, saying as to an inference of continuance " 'Always strongest in the beginning the

inference steadily diminishes in force with lapse of time, at a rate proportionate to the quality of permanence belonging to the fact in question * * *.' " Plaintiffs also cite Sauer v. Winkler, Mo.Sup., 263 S.W.2d 370, 375; Douglas v. Twenter, 364 Mo. 71, 259 S.W.2d 353, 357; Sisk v. Industrial Track Const. Co., Mo.Sup., 295 S. W. 751, 753; Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, 859, all concerning speed at places prior to the accident involved.

Defendant cites 8 Am.Jur.2d Automobiles and Highway Traffic § 952, p. 501: "Where there is no contention that there was any defect in the lights of a vehicle, but it is contended that the lights were off at the time of an accident, the court has a discretion concerning the admission of testimony that the lights were off at a point away from the scene of the accident." Defendant also cites Shepard v. Harris, Mo. Sup., 329 S.W.2d 1, on speed prior to a collision and Martin v. Sloan, Mo.Sup., 377 S.W.2d 252, on prior identification of a driver. The trouble with plaintiffs' claim is that the testimony of Linda and Charles is corroborated by defendant's testimony that she did not see any approaching lights before Cargill's cycle struck her car a block and a half from where they saw it start. We consider it a reasonable inference from all the testimony that defendant did not see the cycle because its lights were not on.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HYDE, Sp. C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and PRITCHARD, Sp. J., concur.

BARDGETT, J., not sitting.