A. L. REILING, JR., v. MARIAN L. RUSSELL and BARNEY M. RUSSELL, Appellants.—153 S. W. (2d) 6.

Division One, April 18, 1941.

Rehearing Denied, June 12, 1941.

Motion to Transfer to Banc Overruled, July 25, 1941.

*Paul C. Sprinkle, Wm. F. Knowles* and *Sprinkle & Knowles* for appellants.

280

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for respondent.

CLARK, J.—On a former appeal in this case (345 Mo. 517, 134 S. W. (2d) 33), we reversed a judgment in favor of defendants and remanded the case for a new trial. Upon a re-trial plaintiff procured a verdict and judgment for $10,000 and defendants have appealed.

The evidence in the instant case is substantially the same as that fully set out in our former opinion. McGee Street in Kansas City extends north and south and is crossed by Twentieth Street extending east and west. Plaintiff, a pedestrian, while crossing McGee Street, and when he had reached a point about the center thereof and about fifty feet south of Twentieth Street, was struck and injured by defendants' automobile being driven by them south along McGee Street.

Although the petition charged defendants with both primary negligence and negligence under the humanitarian doctrine, the case was submitted to the jury solely upon the latter charge.

On this appeal the only assignment of error is that instruction number one given at plaintiff's request includes primary or antecedent negligence as well as negligence under the humanitarian rule and also extends the application of the last chance doctrine beyond its legal limits.

The instruction is as follows:

"The Court instructs the jury that under the laws of this state, it is the duty of persons operating automobiles on any public highway in this state, to exercise the ▮ highest degree of care by which is meant that degree of care which a very careful and prudent person would use under the same or similar circumstances, and the failure to exercise the highest degree of care would constitute negligence.

"You are further instructed that if you find and believe from all the evidence in this case that on the 12th day of September, 1936, at about the hour of 5:15 P. M., plaintiff was proceeding across McGee Street Trafficway, from the west to the east side thereof, and at a point approximately fifty feet south of the south curb line of 20th

Street, and was approaching the center line of said McGee Street Trafficway, if you so find, and that at that time the automobile of defendant Barney M. Russell, with the said Barney M. Russell therein, was being driven by his wife, defendant Marian L. Russell, in a southerly direction on said McGee Street Trafficway and approaching the point where plaintiff was proceeding, if so, and that plaintiff was then and there in a position of imminent peril and danger of being struck and injured by said approaching automobile, if so, and if you further find and believe from all the evidence in this case that defendant Marian L. Russell saw, or by the exercise of the highest degree of care, could have seen plaintiff in a position of imminent peril and danger of being struck by said approaching automobile and that plaintiff was oblivious of the approach of said automobile, if so; and in time so that defendant Marian L. Russell could thereafter, by the exercise of the highest degree of care and by the use of means and appliances at hand, with safety to said automobile, the occupants therein, and others, if so, have sufficiently slackened the speed of said automobile, if so, and have swerved to the right, if so, and have stopped said automobile, if so, and have sounded a timely warning of the approach of said automobile, if so, and could thus and thereby have avoided running said automobile into and injuring plaintiff, if so; and that defendant Marian L. Russell negligently failed so to do, if you so find; and that as a direct and proximate result of such negligent acts, if you find such acts were negligent, the said automobile, so driven by defendant Marian L. Russell, did run into and collide with plaintiff, if so, and that plaintiff was thereby injured, if you so find; and, if you further find and believe from the evidence that at the time and place in question defendant Marian L. Russell was driving and operating the automobile of her husband, defendant Barney M. Russell, as the duly authorized agent and servant of said defendant Barney M. Russell, if so, then your verdict should be for the plaintiff and again both defendants.''

█ We have often held that it is prejudicial error to inject primary negligence into an instruction submitting humanitarian negligence. [State ex rel. v. Bland, 322 Mo. 565, 15 S. W. (2d) 798; Mayfield v. Railway, 337 Mo. 79, 85 S. W. (2d) 116, and cases cited and reviewed therein.]

█ Appellants say that the first paragraph of plaintiff's instruction number one does inject primary negligence in the manner condemned by the Mayfield case and other cases; that said paragraph authorized the jury to find a verdict for plaintiff if they believed defendants failed to exercise the highest degree of care as to rate of speed, or as to any other matter constituting primary negligence.

Respondent says that said paragraph is merely a general and correct statement of an abstract principle of law; that it is a mere definition of the degree of care owed by the defendants; and, if too broad in its

terms, it is cured by the remaining part of the instruction. Further, that appellants cannot complain, because the same alleged error appears in their instruction "C."

The principal reason why it is prejudicial to inject primary negligence into an instruction submitting the humanitarian theory is that it precludes the defense of contributory negligence, which defense is available against primary negligence, but not against negligence under the humanitarian theory. There is no doubt that the intention was to submit the instant case to the jury solely on negligence under the humanitarian doctrine. Plaintiff concedes this. The trouble with the first paragraph of plaintiff's instruction number one is that it did not limit the jury to a consideration of the conduct of defendants after plaintiff was in a position of peril. It permitted the jury to consider any conduct of defendants, either after or before the perilous situation of plaintiff arose. For instance: in this case plaintiff testified that defendants' automobile traveled eighty-five feet while he was walking five feet at the rate of six miles per hour. That would indicate to the jury that appellants' automobile was ▮ being driven at a speed of more than one hundred miles per hour on a city street and, since the instruction told them that any failure of appellants to exercise the highest degree of care would constitute negligence, the jury may have concluded that they should return a verdict because of such excessive speed.

It was unnecessary to separately define the degree of care owed by defendants for that was fully done in the remaining part of the instruction dealing with defendants' duty after plaintiff's situation of peril arose.

Plaintiff says that, even if the first paragraph of the instruction should be considered as stating defendants' duty too broadly, the remaining portion of the instruction cures any possible error in that regard. In support of this contention plaintiff cites a number of cases, all of which we have examined, but only two of which so nearly resemble the instant case as to require discussion. The case of Cramer v. Parker (Mo. App.), 100 S. W. (2d) 640, was submitted to the jury both on primary negligence and on negligence under the humanitarian rule, in separate instructions. The opening clause in the humanitarian instruction in that case recited the duty owed by a person driving an automobile on the public highways. The court said that this part of the instruction was error, but, taking the instruction as a whole, was not materially erroneous. Whether or not that ruling of the Court of Appeals was justified by the facts then under consideration, we do not think it furnishes a precedent to be followed in the instant case. In this case we think the error is material. Under plaintiff's instruction number one, the jury may have believed that defendants could not have avoided the injury after they saw or should have seen plaintiff in imminent peril and yet, because of the

first paragraph of the instruction, may have believed that they should return a verdict against defendants because of excessive speed or some other act of negligence occurring before plaintiff's perilous situation arose.

In Hoelzel v. Ry., 337 Mo. 61, 85 S. W. (2d) 126, plaintiff's humanitarian instruction began with a statement that it was defendant's duty in operating its trains over a public street crossing to look out for and discover the presence and near approach of persons and vehicles about to go upon such crossing, and to use ordinary care to prevent injury, and that a failure to perform such duty would be negligence. The remaining part of the instruction hypothesized the facts necessary to recovery under the humanitarian doctrine.

We held that the first part of the instruction did not submit antecedent negligence, but that instruction differs materially from the one now being considered. In the Hoelzel case, the first part of the instruction clearly referred to the duty which defendants owed to keep a lookout at a public crossing and which would bring the humanitarian doctrine into operation even as to undiscovered peril; it could not be construed to apply to a separate charge of negligence like excessive speed.

The first paragraph of the instruction in the instant case defines the duty, generally, applicable to any ground of negligence, of persons operating automobiles on public highways. Thus, it might lead the jury to believe that they should return a verdict against defendants if they found them guilty of either primary or humanitarian negligence. This question is fully discussed in the case immediately following the Hoelzel case in the same report and we need not further discuss it here. [See Mayfield v. Ry., 337 Mo. 79, 85 S. W. (2d) 116.]

█ Instruction C, given at request of appellants is a sole cause instruction. It begins by stating that contributory negligence is not a defense in the case and continues with a lengthy recital of facts which, if found, will authorize a verdict for defendants. Among other things, it requires the jury to find that the automobile was being operated by the highest degree of care and the defendants were not in any manner negligent "in either approaching the place of the accident . . . or in operating said automobile."

Considered alone, the language quoted would cover negligence before as well as after plaintiff was in a position of imminent peril, that is, primary as well as humanitarian negligence. However, reading the whole instruction, we do not think it can be given such meaning and do not believe that it either cures or condones the error in plaintiff's instruction number one. If the language quoted from instruction C is held to apply to primary negligence, it is inconsistent with the first part of the same instruction which states that contributory negligence is no defense and, if our █ view is correct that the

first paragraph of plaintiff's instruction number one submits primary negligence, the two instructions are in conflict.

On this point plaintiff cites: Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; Carle v. Akin (Mo.), 87 S. W. (2d) 406, and Evans v. Ry., 345 Mo. 147, 131 S. W. (2d) 104. Humanitarian instructions for the plaintiff and defendant in the Carle case defined the danger zone in substantially the same terms and it was therefore held that plaintiff's contention that defendant's instruction unduly limited the zone was untenable. To the same effect is the ruling in the Branson case. In the Evans case we held that omission from plaintiff's instruction of certain defensive matter could be cured by the inclusion of the same in defendant's instruction. Many cases could be cited in which defects in, or omissions from, the instructions of one party have been held to be cured by the instructions of the other party. But here the plaintiff had the burden of proving negligence upon the part of defendants. He submitted his case solely on negligence under the humanitarian rule, but erroneously inserted a paragraph which gave the jury a roving commission to return a verdict for him on any negligence which may have been shown by the evidence or evolved in the minds of the jury. Such error was not cured by a conflicting instruction given for defendants.

Defendants object to the remaining portion of plaintiff's instruction number one because of the word "approaching," the contention being that the use of that word required defendants to act while plaintiff was approaching, and before he had reached, a place of imminent peril. There is no merit in this contention. The instruction did not require defendants to act while plaintiff was approaching a *position of peril*; it required them to act while plaintiff was in the street and approaching *the center of the street* and defendants' automobile was approaching the same place, provided they further found that plaintiff "was then and there in a position of imminent peril." The instruction is vastly different from those considered in the cases cited by defendants, to-wit: Perkins v. Ry., 340 Mo. 868, 102 S. W. (2d) 915; Buehler v. Festus Merc. Co., 343 Mo. 139, 119 S. W. (2d) 961; Kick v. Franklin, 345 Mo. 752, 137 S. W. (2d) 512; Hilton v. Ry., 345 Mo. 987, 137 S. W. (2d) 520; State ex rel. Snider v. Shain, 345 Mo. 950, 137 S. W. (2d) 527.

For the error noted in plaintiff's instruction number one the judgment is reversed and the cause remanded for a new trial. All concur.