LLOYD REMBUSCH, Appellant, v. FRED PREBE, Doing Business as PREBE & SON TRUCKING COMPANY, Respondent.—No. 40862.— 215 S. W. (2d) 433.

Division One, November 8, 1948.

Rehearing Denied, December 13, 1948.

*Rendlen, White & Rendlen, Harry S. Rouse* and *Hilbert & Veatch* for appellant.

410

*J. Andy Zenge, Jr.*, for respondent.

[433] CONKLING, J.—Plaintiff-appellant sued defendant-respondent for $20,000 for personal injuries claimed to have resulted from a highway collision of two trucks. The trucks were approaching each other at night on Highway 61 in Pike County, Missouri. Plaintiff was operating his truck northbound. Defendant's truck was being operated southbound.

Plaintiff submitted his case solely on primary negligence. The verdict of the jury was in favor of defendant. After his motion for new trial was overruled plaintiff appealed.

Plaintiff's only theory of submission, stated in his instruction 4, was that defendant's southbound truck was operated upon defendant's left side (the east side) of the centerline of the highway, thus forcing plaintiff to cross over the highway and undertake to pass defendant's truck on the west side and west shoulder of the highway. Plaintiff's petition and evidence supported that theory of submission. On the contrary, it was defendant's theory of the case that plaintiff suddenly drove his northbound truck from plaintiff's right side (the east side) across the highway to plaintiff's left side (the west side) of the highway, and that in an effort to avoid a collision defendant's truck was thereupon driven over onto the east side of the highway. Defendant's evidence supported that theory. In thus passing the two trucks sideswiped.

The only question presented by the appeal is the propriety of the trial court's action in giving defendant's requested instruction A.

412

That instruction was as follows: "The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in evidence, plaintiff so operated his tractor-trailer as to cause same to suddenly go from a position of safety on his right side of the highway to the left of said highway and closely in front of defendant's motor vehicle, if you so find, and if you further find and believe from the evidence that the acts of plaintiff in so doing, if you so find, were the sole cause of whatever injuries, if any plaintiff sustained on said occasion, and said injuries, if any, were not due to any of the particulars set out in other instructions herein, then in that case, plaintiff is not entitled to recover and you will find your verdict for the defendant".

Plaintiff contends instruction A as a sole cause instruction failed to meet certain requirements of such instructions, as ruled by this court in Bootee v. Kansas City Public Service Co., 353 Mo. 716, 183 S. W. (2d) 892; Semar v. Kelly, 352 Mo. 157, 176 S. W. (2d) 289; Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S. W. (2d) 254; Shields v. Kellar, 348 Mo. 326, 153 S. W. (2d) 60; Stanich v. Western Union Tel. Co., 348 [434] Mo. 188, 153 S. W. (2d) 54; Reiling v. Russell, 348 Mo. 279, 153 S. W. (2d) 6; Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853; and McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792, and cases cited in those decisions.

In this case plaintiff was personally operating the northbound truck. In his petition he made various allegations of primary negligence, among them the one above noted as submitted to the jury in plaintiff's instruction 4. Plaintiff submitted no other theory of recovery.

Defendant's answer alleged, among other things, that the collision was the direct result of the negligent act of plaintiff in operating his truck onto the wrong side of the highway.

In substance, plaintiff's criticism of instruction A is that it fails to require a finding by the jury that plaintiff's injuries were not due to defendant's negligence and that it also fails to hypothesize facts which exclude negligence of defendant in the manner charged in the petition and submitted in instruction 4.

In the cases relied on by plaintiff and set out above, the facts and submission were each unlike the instant case. In none of those cases was plaintiff even chargeable with contributory negligence. In each such case there was a submission upon the humanitarian theory or plaintiff was a guest. In the Hopkins and McGrath cases both conditions obtained. More is required of a sole cause instruction in such instances.

Here plaintiff and defendant each charged the other with negligence in driving on the wrong side of the highway. If the jury found the facts as defendant's evidence tended to establish them (and it is obvious from the verdict that the jury did so find them) such finding

necessarily excluded a finding of such facts as plaintiff's evidence tended to establish.

An analysis of instruction A shows the jury were required to therein find (1) that "plaintiff so operated his tractor-trailer as to cause same to suddenly go from a position of safety on his right side of the highway to the left of said highway and closely in front of defendant's motor vehicle"; and (2) "that the acts of plaintiff in so doing (1 above) were the sole cause of whatever injuries if any plaintiff sustained"; and (3) "said injuries, if any, were not due to any of the particulars set out in other instructions (instruction 4) herein".

In Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562, we approved substantially this same instruction in almost identical words (See instruction K, 130 S. W. (2d) l. c. 567) in a cause submitted solely on humanitarian negligence, except that there was omitted from instruction A in this case one line which included the "not due to any negligence on the part of defendant" finding.

Contrary to plaintiff's contention, instruction A plainly hypothesized facts which excluded the negligence of defendant as charged and submitted, as a cause of the collision. It required the jury to find that the sole cause of plaintiff's injuries was that "plaintiff so operated his tractor-trailer as to cause same to suddenly go from a position of safety on his right side of the highway to the left of said highway and closely in front of defendant's motor vehicle."

However, contributory negligence of plaintiff would have been a complete defense in this case. Therefore, defendant assumed an unnecessary burden in requiring the jury to find that plaintiff's negligence was the sole cause. Defendant would have been entitled to a verdict, even if he was negligent, if plaintiff was also guilty of negligence which contributed directly to cause his injuries. Thus, the instruction was more favorable to plaintiff than he was entitled to have, by requiring a finding that plaintiff's acts were the sole cause of his injuries. Therefore, this instruction could not have been prejudicial to plaintiff by leaving out the "not due to any negligence" finding required in a sole cause instruction in a humanitarian negligence submission. Such requirement in express terms is made as to a sole cause instruction only when the case is submitted on both primary and humanitarian negligence, or is submitted on the humanitarian doctrine alone. Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7, 13; Branson v. Abernathy Furniture Co., supra.

[435] The giving of the sole cause instructions in cases submitted under the humanitarian theory of negligence can be somewhat confusing if the "not due to any negligence" finding is omitted. We have approved such instructions under those circumstances of submission. Jants v. St. Louis Public Service Co., 356 Mo. 985, 204 S. W. (2d) 698, 702, and cases cited. We observe, but not critically,

that we are at a loss to understand why in a case on such facts as these and submitted on primary negligence alone, or where contributory negligence can be a defense, counsel would assume the additional burden arising from the giving of a sole cause instruction. But instruction A at bar was plainly written as such. We see no value in such a case as this of a sole cause instruction. An instruction predicating a verdict for defendant if plaintiff's negligence (specifically setting it out) directly contributed to cause his injuries would not only simplify the issues for the jury, but would better serve.

In cases where there is a humanitarian submission, or where plaintiff is a guest, or in any case where contributory negligence cannot be charged against plaintiff and therefore cannot be a defense, and where the jury must be made to clearly understand the distinction between negligence which is a defense in a sole cause sense and that which is only contributory negligence, more is required of a sole cause instruction than the instant case demands. In those cases, to avoid confusing the jury, it is required that a "not due to the negligence of the defendant" provision be embodied in sole cause instructions *in terms* and unmistakably clear. Jants v. St. Louis Public Service Co., supra; Bootee v. Kansas City Public Service Co., supra. But in the instant case where the contributory negligence of plaintiff (as well as sole cause negligence of some one other than defendant) can be a defense there exists no sound reason to require a sole cause instruction to *in terms* include therein a "not due to the negligence of the defendant" clause. There was no need for it here. We see no reason to depart from our previous rulings in Dilallo v. Lynch, supra, and Branson v. Abernathy Furniture Co., supra. Instruction A could not have confused the jury under the circumstances of this case.

The trial court did not err in giving instruction A to the jury. No other question being raised on this appeal the judgment of the circuit court is affirmed. It is so ordered. All concur.