**DRYDEN**

v.

**ST. LOUIS PUBLIC SERVICE CO.**

No. 43389.

Supreme Court of Missouri.
Division No. 1.

Feb. 8, 1954.

Morris A. Shenker, St. Louis, for appellant.

Lloyd E. Boas, St. Louis, for respondent.

VAN OSDOL, Commissioner.

This is an appeal from a judgment entered upon verdict for defendant in plaintiff's action for personal injuries and property damage (in total amount $30,000) alleged to have been sustained in the collision of plaintiff's 1940 Chrysler and defendant's motor bus at the intersection of Whittier and St. Ferdinand Streets in St. Louis. Plaintiff-appellant contends the trial court erred in giving defendant's Instructions Nos. 1 and 5. In considering these contentions we find it necessary to examine the factual theories of plaintiff's case and of defendant's defense.

Plaintiff's case was submitted to the jury by plaintiff's principal Instruction A which submitted primary negligence of defendant in operating its bus at such a rate of speed as was dangerous in the circumstances hypothesized in the instruction. The contributory negligence of plaintiff was pleaded, and plaintiff's negligence, in operating her automobile into and against the side of defendant's bus, was submitted in defendant's Instruction No. 1 (particularly examined infra).

Whittier Street, a north-south street, intersects St. Ferdinand Street, an east-west street. Whittier Street is level at the intersection. Eastbound traffic on St. Ferdinand "is going downhill."

Plaintiff introduced evidence tending to show that she was driving her automobile northwardly on Whittier in approaching the intersection. It was nighttime, "about fifteen after ten." The street lights were on. When plaintiff drove up to the intersection she stopped her automobile and looked eastwardly, and then westwardly and observed the lights of defendant's motor bus which was approaching from the west and which then appeared to be about "middleways of the block." She had stopped her automobile when the front of

it was "three or four feet into St. Ferdinand." Plaintiff was so sure she could precede the bus across the intersection that she shifted into "first gear and pulled out, and as I pulled out I saw he was beaming down on me so close that I thought to come to a stop and I stopped. When I made a sudden stop (having moved about two or three feet farther into St. Ferdinand) he (the bus operator) commenced throwing the bus * * *. At first he throwed it north * * * and it appeared it just smashed me in the face." The bus "was right on me but he was cutting. I mean he was trying to cut the bus. He cut north and when he cut north it just whirled around some way * * *." Plaintiff's automobile was damaged at the driver's door "* * * it was at the door and the whole front." The collision occurred "close to the east side of Whittier * * * somewhere around the center line of St. Ferdinand." A witness for plaintiff said defendant's bus had come "off that hill making about forty miles an hour."

Defendant introduced evidence tending to show that its bus approached Whittier moving approximately eight miles per hour. The bus operator saw plaintiff's automobile northbound on Whittier when the automobile was about sixty feet away. The bus was then just entering the intersection. The bus operator was intending to stop the bus at the "Whittier Street stop" located on St. Ferdinand just east of Whittier. When the front of the thirty-foot bus had moved about ten feet beyond the east curb of Whittier, the bus operator heard a crash. Plaintiff's automobile had come into collision with the rear (side) door of the bus. A passenger on the bus, witness for defendant, testified that the front of the bus had passed over Whittier and the collision was near the rear end of the bus. The plaintiff's automobile had been "coming along more than in a moderate speed, and it seemed to have speed (sic) up before it got to the bus * * *. He (the bus operator) wasn't speeding and * * * neither was there any swerving motion" of the bus. A police officer testified that plaintiff had said, "she didn't see the bus and that she was going north and she ran into the back end of the bus."

As has been stated, plaintiff submitted her case to the jury on negligence of defendant in operating its bus at a dangerous rate of speed. And, recognizing the evidence tending to support negligent conduct of plaintiff, the trial court at defendant's request gave Instruction No. 1, which was as follows,

"The Court instructs the jury that the driver of the automobile mentioned in evidence, plaintiff, Hilda Jones Dryden, was, under the law, bound to exercise the highest degree of care in the operation of her automobile at the time and place in question, that is such care as a very careful and prudent person would exercise under same or similar circumstances.

"In this connection you are further instructed that if you find and believe from the evidence that on the day in question the plaintiff * * * operated her automobile northwardly in the northbound traffic lane of Whittier Street and into the intersection of Whittier Street and St. Ferdinand Avenue, and into and against the right rear side of the eastbound motorbus mentioned in evidence, at a time when the motorbus had passed through the intersection, and the front of said motorbus was at or east of the east curbline of Whittier Street, if you so find, and if you further find that in so doing plaintiff * * * failed to exercise the highest degree of care and that such act, if you so find, was the sole cause of the collision, and whatever injuries and damages, if any, plaintiff * * * sustained on the occasion in question, and that such alleged injuries and damages, if any, were not caused by or due to any negligence of the defendant in any of the particulars submitted to you in other instructions herein, then, in that event, the plaintiff is not entitled to recover against the defendant, and you will find your verdict in favor of the defendant."

It has been observed that defendant introduced evidence tending to show that defendant's bus, moving eastwardly at a speed of approximately eight miles per hour, entered the intersection of Whittier and St. Ferdinand when plaintiff's automobile was about sixty feet to the southward; that the bus, having moved into and having progressed in moving across the intersection, had moved to the point where its north end was approximately ten feet beyond the east (curb) line of Whittier; and that plaintiff, continuing to drive northwardly, drove her automobile into collision with the rear of the right side of the bus. Therefore, we cannot agree with plaintiff-appellant's contention that no substantial evidence was introduced tending to support the facts as hypothesized in defendant's verdict-directing Instruction No. 1, nor can we agree with plaintiff-appellant's position that the instruction was a comment on the evidence or that the instruction as worded assumed and did not submit to the jury the hypothesized facts and circumstances and the hypothesized act or conduct of plaintiff. In authorizing a verdict for defendant, the instruction, it seems to us, requires the jury to find all of the conjunctively hypothesized facts and circumstances and plaintiff's hypothesized act or conduct "from the evidence."

It is true the first paragraph of the instruction amounts to an abstract statement of the law relating to the degree of care which must be exercised by the operator of a motor vehicle on a public highway. And it is also true that this abstract statement of the obligation to exercise the highest degree of care was specifically stated as the obligation or duty of "plaintiff, Hilda Jones Dryden"; but we cannot believe the instruction was confusing or misleading in correctly stating plaintiff had such duty, where the duty was made applicable to the facts hypothesized in the instruction. The instruction should be considered as a whole. It is precisely true that plaintiff as "the driver of the automobile mentioned in evidence" was bound to exercise the highest degree of care in the operation of her automobile at the time and place in question. The correct abstract statement of the plaintiff's duty to exercise the highest degree of care was stated in connection with, and the duty of plaintiff as stated in the instruction was made applicable to plaintiff's operation in the hypothesized circumstances submitted in the instruction; and the jury was required to find that, in operating her automobile into and against the right rear side of the bus, plaintiff failed to exercise the highest degree of care. Thus the negligence of the hypothesized act of plaintiff in the hypothesized circumstances was submitted to the jury. The instruction is not like the properly refused Instructions C and D in Schipper v. Brashear Truck Co., Mo. Sup., 132 S.W.2d 993, 125 A.L.R. 674, cited by plaintiff-appellant, in which case this court said that instructions, which are merely abstract statements of the law and with no effort made to apply the stated principles of law to the facts of the case, should not be given because they tend to confuse and mislead the jury. A defendant's defense is not a plaintiff's case. The two are distinct. Defendant's Instruction No. 1 was a submission of defendant's defense in accordance with defendant's factual theory supported by substantial evidence. In thus submitting defendant's defense the instruction was not erroneous in emphasizing defendant's defense or in minimizing plaintiff's case. The instruction did not concern itself with what plaintiff was required to establish in order to recover nor did the instruction refer to defendant's duty in the circumstances. See and compare Quigley v. St. Louis Public Service Co., Mo.Sup., 201 S.W.2d 169. Plaintiff's version of the facts was recognized by the trial court by the giving of plaintiff's principal Instruction A as stated. Incidentally, plaintiff's Instruction A also contained a prefatory abstract statement "that under the law of the City of St. Louis * * * every person operating a motor vehicle on the streets of the City shall operate the same in a careful and prudent manner and at a rate of speed so

as not to endanger the property of another or the life or limb of any person."

Parenthetically, we have noted that, in the instant case, plaintiff did not tender and the trial court did not give any instruction submitting defendant's negligence under the humanitarian rule. Consequently, defendant, in requesting the given Instruction No. 1 requiring a finding that plaintiff's negligence was "the sole cause of the collision," assumed an unnecessary burden because plaintiff was barred from recovery in her primary negligence case if her own negligence directly "contributed" in causing the collision and her injury. Contributory negligence was a complete defense in this case. But, obviously, the submission of "sole cause" could not have been prejudicial to plaintiff. Rembusch v. Prebe, 358 Mo. 409, 215 S.W.2d 433.

■ At defendant's request the trial court gave Instruction No. 5 advising the jury "that in this case plaintiff is seeking to recover for injuries alleged to have been sustained on July 8, 1949. In no event are you to award her any damages for any condition of injury or ill health, if any, which she may have had before said date * * * or for any aggravation of such condition of injury or ill health * * *."

Plaintiff-appellant asserts that there was no evidence introduced tending to prove that plaintiff had suffered injury or experienced ill health prior to the injury sustained in the collision involved in the instant action, and the instruction permitted the jury to speculate as to whether prior injury or ill health existed and as to whether prior injury or ill health contributed in any way to the plaintiff's present physical condition. This instruction pertained to the bases for the measure of damages which damages would have been assessed and awarded by the jury had the jury found for plaintiff on the issue of defendant's liability. It is unnecessary to determine the plaintiff-appellant's contention of error of the trial court in giving the instruction. The jury having found for defendant on the issue of liability, consideration of the issue of damages was never reached by the jury and, therefore, plaintiff could not have been prejudiced by the error, if any, in the instruction. Carlisle v. Tilghmon, Mo.Sup., 174 S.W.2d 798; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366; Bennette v. Hader, 337 Mo. 977, 87 S.W.2d 413, 101 A.L.R. 1190; Oliver v. Morgan, Mo.Sup., 73 S.W.2d 993.

The judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.