Charles C. BROOKS, Plaintiff-Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant,

and

Walter Weaver, Doing Business as Central Taxi Transportation Company, Defendant.

No. 44348.

Supreme Court of Missouri.

Division No. 2.

Jan. 10, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied Feb. 14, 1955.

Lloyd E. Boas and Robert E. Staed, St. Louis, for appellant.

Louis Yaffe and Marvin Moldafsky, St. Louis, for respondent.

BARRETT, Commissioner.

On the 20th day of May 1952 Martha Brooks was a passenger in a taxicab owned by Walter Weaver. It was about eight o'clock in the morning and the taxicab was northbound on Rankin Avenue. At the intersection of Rankin Avenue and Market Street the taxicab was involved in a collision with a bus. The bus, traveling on the north side of Market Street, was westbound and the front end of the bus struck the right side of the taxicab, knocking the cab into a post on the northwest corner of the intersection. Mrs. Brooks died on the 5th day of June, allegedly as the result of injuries sustained in the collision, and her husband, Charles C. Brooks, instituted this action against the owner of the taxicab, Weaver, and the St. Louis Public Service Company, in which he sought to recover the sum of $15,000 for her wrongful death. Upon the trial of his cause the jury returned a verdict in favor of the St. Louis Public Service Company but found against Weaver, the owner of the taxicab, and awarded the husband $4,000 damages. The plaintiff, Brooks, filed separate motions for a new trial; the trial court sustained the motions and granted a new trial as to both defendants. The St. Louis Public Service Company has appealed from the order granting a new trial.

The plaintiff's cause of action against the bus company was submitted upon the hypothesis and assignment of primary negligence of failure on the part of the bus operator "to keep a vigilant watch and lookout for automobiles proceeding northwardly across Market Street." On behalf of the appellant bus company the court gave an instruction which hypothesized the taxicab driver's negligence as the sole cause of the collision and Mrs. Brooks' injuries and death. The order granting a new trial specified the giving of this instruction as error and the sole question briefed and argued by the parties is whether in fact the instruction was so prejudicially erroneous, as a matter of law, as to demand the granting of a new trial as to the appellant bus company. Jones v. Illinois Terminal R. Co., Mo., 260 S.W.2d 487, 488.

In support of the trial court's ruling that the instruction was prejudicially erroneous the respondent urges that "appellant's evidence did not show a sole cause situation" and the instruction failed "to properly hypothecate the necessary facts to sustain a recovery for appellant"; that under the evidence of the operator a sole cause situation did not exist; "that there was a divergence and definite substantial conflict in the evidence" which was not hypothesized and, since the operator must have seen what looking would have revealed, that the instruction was erroneous in failing to require a finding that "the operator of the cab knew or had reason to believe that a collision would occur." Upon oral argument it was specifically claimed that there were two sets of facts, meaning, presumably, the plaintiff's and the defendant's, and that the bus driver's testimony convicted him of contributory negligence as a matter of law and, therefore, the instruction was error. Some of these objections, against this particular instruction, are rather unusual, but to sustain them the respondent points to certain inconsistencies and contradictions in the testimony of the witnesses, particularly the testimony of the bus operator, Mr. Bush, and the only passenger on the bus, Georgia McKnight, and urges by reason of the conflicts that their evidence had no probative value and was insufficient to sustain the hypothesis of a sole cause situation.

But the inconsistencies in the testimony bear upon the credibility of the witnesses and their evidence and it was the province of the jury to resolve the conflicts and inconsistencies, particularly the conflicts in the evidence of the respective parties. Verdict directing instructions must hypothesize, either by recital or by reference to other instructions, the facts essential in law to support the verdict, Hooper v. Conrad, Mo., 260 S.W.2d 496, 500, but "Plaintiff overlooks the rule that the defendant may base his instructions upon his own testimony (and thus prevail if the jury believes it), and is not required to submit his defense upon the facts shown by plaintiff's evidence which he disputes." Long v. Mild, 347 Mo. 1002, 1008, 149 S.W. 2d 853, 857. Upon this appeal the record is viewed favorably to the verdict in favor of the appellant, Rose v. St. Louis Public Service Co., Mo., 205 S.W.2d 559, 560, and, if there is evidence to support the hypothesis of instruction six, it must not be overlooked that the ultimate question is whether the instruction was in fact so prejudicially erroneous, as a matter of law, as to compel the granting of a new trial. V.A.M.S. § 512.160(2); Rembusch v. Prebe, 358 Mo. 409, 215 S.W.2d 433. In this connection, the plaintiff's cause of action and the appellant's liability were submitted upon assignments of primary negligence, and the cases involving the humanitarian doctrine and sole cause are not precisely in point. Compare: Rembusch v. Prebe, supra; Jants v. St. Louis Public Service Co., 356 Mo. 985, 204 S.W.2d 698; Weis v. Melvin, Mo., 219 S.W.2d 310. In point of fact instruction six is almost identical with instruction one set forth in Dryden v. St. Louis Public Service Co., Mo., 264 S.W.2d 329, and the meritorious question here is whether there was evidence to support its hypothesis.

Rankin Avenue is thirty feet wide. Market Street at its intersection with Rankin is seventy-six feet wide and there are

three driving lanes on each side of the street. The bus was traveling westward in the second or middle lane at a speed of approximately twenty-five miles an hour. There had been a "good shower" that morning and at eight o'clock there was "still a mist, still falling." Eastbound traffic on Market Street was heavy at that hour. The bus driver, in describing the occurrence, said that when the front of the bus was approximately at the east curb line of Rankin he saw the taxicab for the first time, "It had made a hole in the traffic that was heavy, it couldn't get through, but it caught an opening" and "the front of the cab was entering the third or inside lane next to the center line; the front of the cab was entering that lane," and was traveling at a speed of "approximately twenty miles an hour; picking up." The bus operator applied the "foot brake and my hand brake, leaning on the horn with my right arm at the same time," and the front of the bus, the right front headlight was broken, struck the cab "right behind the right front fender in the side." A witness for the cab driver said, "When it (the cab) got in front of the bus I lost view of it." Mrs. McKnight, the only passenger on the bus, said that when she first saw the taxicab "It had kinda drove in front of this heavy traffic, and all at once it shot out." Repeatedly she said, "Well, it just shot right out in front of the bus." She said that when the bus "was about to get right middleways of Rankin" the cab "kinda paused a little, and just all of a sudden it just shot out * * * right out in front of the bus." As to the bus operator, she said, "he started screaming: 'Hold it!' 'Hold it!', and he stood up on the brakes" but "By the time it could slow it had hit the car," as it speeded up. This evidence and the reasonable inferences authorized the sole cause instruction. Dryden v. St. Louis Public Service Co., supra; Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S.W.2d 254; Jurgens v. Thompson, 350 Mo. 914, 169 S.W.2d 353.

It is not necessary to say whether a sole cause instruction should require the additional finding that the third party driver (here the taxicab driver) knew or had reason to believe that a collision would occur unless precautionary measures were taken. Greenwood v. Bridgeways Inc., Mo.App., 243 S.W.2d 111; Stakelback v. Neff, Mo.App., 13 S.W.2d 575. Instruction six contained a clause requiring a finding that the collision and Mrs. Brooks' resulting injuries were "not due to any negligence on the part of the * * * St. Louis Public Service Company, as set out in other instructions herein." Rishel v. Kansas City Public Service Co., Mo., 129 S.W.2d 851, 856; Mendenhall v. Neyer, 347 Mo. 881, 891, 149 S.W.2d 366, 373. In addition, the instruction hypothesized whether "under all the circumstances shown in evidence, that John Addison, the driver of the taxicab, drove said taxicab northwardly over Market Street and between eastbound traffic directly in front of and in close and dangerous proximity to the moving westbound motorbus mentioned in evidence *at a time when he saw or in the exercise of the highest degree of care could have seen there was danger of a collision between the two vehicles * * * and could have avoided said collision."* On behalf of the plaintiff there were instructions hypothesizing the liability of the bus company and the taxicab to the plaintiff, there was an instruction on concurrent negligence, but the plaintiff offered no instructions clarifying, amplifying or delimiting the sole cause circumstances relied upon by the appellant. Hooper v. Conrad, Mo., 260 S.W.2d, loc. cit. 501. If a finding that the taxicab driver knew or had reason to believe that a collision would occur was essential as a basic fact prerequisite to the bus company's defense, the italicized part of the instruction was sufficient for this purpose, in the absence of converse or qualifying instructions. In the circumstances of a primary negligence submission as to the appellant, the instruction contains the essentials of a sole cause situation and submission, Dryden v. St. Louis Public Service Co., supra; Jurgens v. Thompson, supra; Hopkins v. Highland Dairy Farms Co., supra; Mendenhall v. Neyer, supra, and, in any event, was neither so mis-

leading, confusing, nor prejudicially erroneous, as a matter of law, in any material respect affecting the merits of the cause as to compel the granting of a new trial. V.A.M.S. § 512.160(2); Rembusch v. Prebe, supra. The trial court erroneously granted a new trial upon the specified ground that instruction six was prejudicially erroneous, accordingly the judgment is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of the appellant, St. Louis Public Service Company.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY, J., and BROADDUS, Special Judge, concur.