C. C. DENNISON, Plaintiff-Respondent,

v.

Jess WHALEY, Defendant-Appellant.

No. 22310.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1955.

Orville C. Winchell, Lebanon, for appellant.

Hugh Phillips, Camdenton, Harry H. Kay, Eldon, for respondent.

DEW, Presiding Judge.

The plaintiff in this case sued for injuries to his person and damages to his automobile alleged to have been sustained through the negligence of the defendant in forcing the plaintiff off the highway, causing the plaintiff's car to fall over a deep embankment at the roadside. There was a verdict for plaintiff for $1,200 for bodily injuries and $800 for damages to his car, a total of $2,000. Judgment was entered accordingly. The defendant has appealed.

Substantially the allegations of the plaintiff's petition were that he was driving his automobile northward on Missouri State Highway No. 5 on July 8, 1953, about 300 yards north of the Hurricane Deck Bridge in Camden County, Missouri, at which time and place the defendant, operating his automobile southward on said highway, turned east and across the center line of the highway, into the path of the plaintiff's car and forced the plaintiff's car off the paved portion of the highway, causing the damages described; that the proximate cause of the damages was the negligence of the defendant in failing to maintain a lookout for traffic, failure to turn his car to the right side of the highway to permit cars to pass, failure to keep his car under control and as close to the right-hand side of the roadway as practicable, driving his car upon the east side of the road when plaintiff was in such close proximity and approaching at such speed that the act of the defendant created a danger of collision and injury to the plaintiff. The petition asked for $950 damages to plaintiff's car, $75 for loss of use thereof, and $13,000 for personal injuries.

The answer was in the nature of a general denial and a plea of contributory negligence on plaintiff's part in failing to exercise the highest degree of care, failure to apply his brakes, failure to stop or to swerve his car to avoid the casualty, driving at a reckless and negligent rate of speed and failure to keep his car under control.

There was evidence on the part of plaintiff that on July 8, 1953, he had attended a school board meeting at Camdenton, Missouri, and was returning at about 10:30 p. m. on Highway 5 to his home several miles north of the place of the casualty. The road was black top. The evening was clear and dry. En route to his home plaintiff crossed northward over the Hurricane Deck Bridge. About 500 feet north of the bridge there was a road to the east leading to a resort owned and operated by the defendant. As plaintiff reached the north end of the bridge he was traveling about 55 miles an hour. He then noticed the appellant's car approaching from the north somewhat over the center line of the roadway and partly on plaintiff's side of the road and about 40 yards from plaintiff's location. When within about 50 feet of the plaintiff's car, defendant's car turned suddenly into the plaintiff's lane without warning and into the path of his car. Plaintiff quickly turned his car to the right onto the shoulder of the highway to avoid the collision and after passing the defendant's car, tried to get his car back on the highway and was unable to right it, but the car went diagonally across and off the highway to the left and over and down an embankment

about 40 feet in depth, landing on its roof and causing the damages and injuries alleged. There was no contact between the cars. The plaintiff did not sound his horn or apply his brakes when he first saw defendant traveling east of the center line, but when the defendant again turned into the plaintiff's pathway, plaintiff sounded his horn and applied his brakes. He said he did not attempt to reduce his speed until within 40 or 50 feet of the defendant because he had not believed that defendant intended to continue on the wrong side of the road. He said that he could have stopped his car within 40 or 50 feet after first noticing the approach of defendant's car. Defendant's car was not damaged. There was evidence pertaining to skid marks and other physical conditions not necessary here to relate.

 Defendant's first point is that it was error for the court to admit the testimony of one Dr. M. E. Humphreys as to his opinion pertaining to the connection between the injuries and the casualty. It is claimed that his testimony was conjectural, questionable and speculative, based on a hypothetical question which did not include all the facts, and that the opinion was based on probabilities and possibilities and not an unqualified opinion. A hypothetical question was asked Dr. Humphreys as to whether or not under the facts hypothecated the conditions he found upon examination of the plaintiff were the result of the circumstances of the wreck in evidence, and the witness answered that such result was "possible" and "probable". He testified that there could have been other causes. At no time during the somewhat extended re-examination of Dr. Humphreys did the defendant object to the hypothetical question or subsequent questions related to it, nor to his answers thereto, nor was there any motion to strike the same. The defendant cross-examined the witness thereafter at considerable length. We cannot charge the court with error in receiving the evidence not objected to by the opposing party. Furthermore, we cannot say that Dr. Humphreys' answer to the

hypothetical question was no substantial evidence whatever, in view of the other facts in evidence such as the admitted casualty and certain physical injuries both to the car and to plaintiff immediately observed at the place of accident by defendant and others. Meredith v. Terminal R. R. Ass'n, Mo.App., 257 S.W.2d 221; Hill v. St. Louis Public Service Co., 359 Mo. 220, 221 S.W.2d 130. The point is overruled.

 Defendant's second point is that the court erred in refusing to direct a verdict for him at the close of the plaintiff's case and at the close of all the evidence; that "the testimony is somewhat confusing on the part of plaintiff in relation to distances". As to the ruling of the court in refusing to direct a verdict for the defendant at the close of the plaintiff's case, it has been so often ruled that that point is waived by the other party proceeding to introduce evidence on the merits of the case, that we do not think it necessary to cite authorities. As to the refusal of the court to direct a verdict for the defendant at the close of all the evidence, the defendant rests largely on conflicting evidence on the part of plaintiff and his witnesses as to estimates of distances. The defendant argues that the evidence clearly showed that the plaintiff had a place of safety and could have availed himself of it by checking his speed before attempting to deviate from the road, and that the plaintiff's testimony admits contributory negligence. These are all matters of fact which were submitted to the jury, whose function it was to determine them. As to whether contributory negligence existed as a matter of law, all evidence of both plaintiff and defendant most favorable to the plaintiff must be considered. We cannot say that the record justifies our finding contributory negligence as a matter of law, nor that the court erred in overruling defendant's motion for a directed verdict at the close of all the evidence.

In defendant's Point 3 he complains of plaintiff's main instruction. Plaintiff's In-

struction 1, as modified and given by the court, told the jury that if they found and believed from the evidence that the defendant, while driving his automobile in a generally southerly direction along Highway 5, did carelessly and negligently make a left turn across the center line of said highway at the time and place mentioned in the evidence while plaintiff was approaching from the south and on the east side of the center line of the highway, and further found that the defendant drove his automobile to the left of the center line of said highway and into the path of plaintiff's approaching automobile when it was in such proximity and "traveling at such speed" that defendant knew, or with the exercise of the highest degree of care could have known, that the collision was imminent, and that plaintiff did swerve his automobile to the plaintiff's right and off the paved portion of the highway to avoid collision with defendant's automobile, *and that plaintiff was in the exercise of the highest degree of care for his own safety,* and that such negligence, if any, on the part of defendant was the direct and proximate cause of the injuries to plaintiff and the damages to his automobile, then the jury should find the issues for the plaintiff and against the defendant.

■ Defendant first argues that the instruction violates the principle of Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541, in that it did not sufficiently set forth essential facts for the jury to find before the law could be applied, such as the speed of plaintiff's vehicle, distances between the two cars and because of the use of the words "proximately" and "traveling at such speed." We do not find the instruction vulnerable to that complaint because, as said in Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972, 978, and Hooper v. Conrad, Mo., 260 S.W.2d 496, the Yates case is not to be construed as requiring submission of facts not necessary or essential to a finding upon the issue or issues of negligence specifically submitted. There was substantial evidence on the ultimate facts submitted to the jury and the inclusion of further evidentiary matters was not essential.

The defendant, under the third point, also complains that plaintiff's Instruction 1 assumed that the plaintiff kept his car under control at all times, but did not point out to the jury the availability of a place of safety and the means and appliances at hand. It must be borne in mind that the instruction required the jury, if it found the issues for the plaintiff, to find that he at all times was in the exercise of the highest degree of care for his own safety. Furthermore, the defendant offered an instruction which the court gave on contributory negligence, submitting to the jury whether or not, among other things, said place and highway were open to the plaintiff to drive around the standing automobile of the defendant without interference after the plaintiff saw, or by the exercise of due care could have seen, said automobile of defendant on the highway in time to so have turned and passed defendant's automobile without interference, and submitted the further contingency that the plaintiff lost control of his automobile, in which case the court instructed the jury that the plaintiff was negligent and the verdict should be for the defendant.

■ It was said in Sanders v. Illinois Central R. R. Co., 364 Mo. 1010, 270 S.W. 2d 731, 735: "Our own rule is, as defendant points out, that when the defendant pleads contributory negligence, and there is evidence to support it, an instruction for the plaintiff which purports to cover the whole case and direct a verdict is erroneous if it omits a requirement for a finding upon the issue of contributory negligence, unless the defendant cures the error by submitting the issue in an instruction of its own." See, also, Smith v. Gately Stores, Inc., Mo.App., 24 S.W.2d 200, 202, and Kaiser v. Jaccard, Mo.App., 52 S.W.2d 18, 20. We believe the duty of the plaintiff to exercise the highest degree of care for his own safety was sufficiently submitted to the jury.

■ ■ As to the defendant's objection to the words "proximity" and "traveling at such speed", it was his duty to request a further instruction defining those terms.

It was said in Hooper v. Conrad, supra, 260 S.W.2d at page 501: "And, we may add, that if either of the parties deems a hypothesized fact or situation not to have been clearly or sufficiently hypothesized in any instruction, he should offer a clarifying or amplifying instruction." See Redick v. M. B. Thomas Auto Sales, Inc., 364 Mo. 1174, 273 S.W.2d 228; Brooks v. St. Louis Public Service Co., Mo., 275 S.W.2d 252; Sandler v. Schmidt, Mo., 263 S.W.2d 35.

Finding no error materially affecting the merits of the case, the judgment is affirmed.

All concur.