Marvin J. YOUNG, Appellant,

v.

The NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Respondent.

No. 44998.

Supreme Court of Missouri,

Division No. 2.

May 14, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied June 11, 1956.

66

Tyree C. Derrick, Karl E. Holderle, Jr., St. Louis, for appellant.

Jones, Hocker, Gladney & Grand, John M. Goodwin, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed after a jury verdict and judgment for defendant in an action to recover $75,000 damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The only allegations of error pertain to the giving of instructions III and IV at the request of the defendant.

Plaintiff, as an employee of defendant, was engaged in working in a freight car preparing it to transport tractors. Ordinarily the workmen were furnished ladders to get in and out of the cars. On November 5, 1952, the day of the accident, there were insufficient ladders available and "those who got there last had to use sawhorses." Plaintiff was one of those using a sawhorse. During his work he obtained some wood "chocks" from a nearby carpenter shop, and after throwing them into the freight car he started to get into the car by stepping up and on the sawhorse.

According to plaintiff the sawhorse "gave way" and "went over with me, went right over, and threw me from this sawbuck, and I hit my feet in a twist on the ground and hurt my back." Contrary to regulations plaintiff did not immediately report this accident, but he climbed back into the freight car and continued working. He did not see a doctor until November 28, 1952.

Plaintiff first challenges defendant's instructions on the ground that there was no evidence to support the submission of the factual issue of whether plaintiff improperly placed his weight on the sawhorse by stepping on the end of it thereby causing it to "up-end" with him.

Plaintiff and his witnesses testified that the sawhorse tipped over sideways toward the freight car. Defendant's witness Robinson testified that he saw plaintiff step on a sawhorse while entering a freight car and it "upended with him" and that it "ended up on end." Although this witness stated that he could not fix the day on which he saw this occurrence and that at the time plaintiff was working on "9 track" while plaintiff said he was working on track 10, plaintiff testified that he only had one fall while outside of the freight car and that was the fall which was the subject of this suit. Plaintiff further testified that there was an "over hang" on the sawhorse, and that when one's weight is placed on that portion, which is not between the legs, the sawhorse tilts up or flips over.

■■ In determining on appeal whether there was sufficient evidence upon which to base an instruction which was given by the trial court, the evidence must be viewed in the light most favorable to the party at whose request it was given, together with all favorable and reasonable inferences to be drawn therefrom. Rhinelander v. St. Louis-San Francisco Ry. Co., Mo.Sup., 257 S.W.2d 655 [1]; Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756 [2]. There was sufficient evidence upon which to base the issue of whether the sawhorse upended or tipped over sideways with plaintiff, and the cause of it upending, if it did.

By plaintiff's single verdict-directing instruction the jury was told that it was "defendant's nondelegable and continuing duty to use ordinary care to furnish and provide the plaintiff with a reasonably safe instrumentality with which to work," and after hypothesizing certain preliminary facts, the jury was told that if it found that plaintiff was caused to fall as a direct and proximate result of the sawhorse giving way and turning over; that defendant knew, or by the exercise of ordinary care, should have known that a sawhorse was not a reasonably safe instrumentality for plaintiff to use to get into the freight car; that the failure of defendant to furnish plaintiff a ladder instead of a sawhorse was negligence under the circumstances; and that the plaintiff was injured as a direct and proximate result of such negligence in whole or part, then the jury "may" find in favor of plaintiff and against the defendant.

Defendant's instruction III was as follows: "The court instructs the jury that if you find and believe from the evidence that the sawhorse mentioned in evidence was a reasonably safe method of getting into the railroad car mentioned in evidence, and if you further find that plaintiff's fall from said sawhorse was not due to any defect or failure of said sawhorse but was caused solely by plaintiff's failure to place his weight properly on said sawhorse, if you so find, and if you further find that such failure of the plaintiff, if any, was a failure to exercise reasonable care for his own safety, then you are instructed that plaintiff is not entitled to recover and your verdict should be in favor of defendant."

■ Plaintiff contends that the giving of instruction III was erroneous. Of course in order to constitute reversible error, it must also be prejudicial to his substantial rights. Atlantic Coast Line R. Co. v. Burkett, 5 Cir., 192 F.2d 941 [2].

■ Plaintiff's first objection to the instruction is that he asserts that there was no evidence from which the jury could find

that the sawhorse was a reasonably safe instrumentality for plaintiff to use in entering the boxcar. Plaintiff testified that a ladder had only two legs while the sawhorse had four, and that when properly used the weight of plaintiff would be distributed between the four legs. Although plaintiff stated that the sawhorse broke or collapsed, there was evidence that it only turned over, and that this occurred because plaintiff improperly placed his weight on it. Plaintiff argues that the sawhorse was not equipped with rubber "feet" as were the ladders, but he does not contend that the sawhorse slipped with him. The physical features of the sawhorse were described in detail in the evidence, and there was no dispute concerning its construction or characteristics. Plaintiff submitted his case on the theory that the sawhorse was unsafe. However, the jury was entitled to conclude, under the evidence, that plaintiff did not establish this condition, and also that the sawhorse was a reasonably safe instrumentality for plaintiff to use in entering the freight car.

■ Plaintiff asserts that a finding that the sawhorse was not defective does not preclude a finding that defendant was free of negligence. However that may be, that is not a correct statement of the issues submitted. Instruction III required the jury to find, conversely to plaintiff's claim, that the use of the sawhorse was a reasonably safe method of getting into the freight car, and that the fall of plaintiff was not due to any defect or failure of the sawhorse, and also that the injuries to plaintiff resulted solely from his own acts which the jury could find constituted a failure by plaintiff to exercise reasonable care for his own safety. We do not see how the jury could be caused to believe by this instruction that a finding only that the sawhorse was not defective would absolve the defendant of liability.

■ Plaintiff next contends that the instruction injected the defense of assumption of risk and contributory negligence. No attempt is made to show how the instruction purported to inject the defense of assumption of risk. Plaintiff only states that it does. Contributory negligence is not a defense under the Federal Employers' Liability Act, and it is improper for the court in its instructions to inject the subject as a defense. But there can be no recovery under the act when the employee's negligence is shown to have been the sole cause of his injury and the defendant's act is no part of the causation, and it is proper for the court to so instruct the jury. Jones v. Illinois Terminal R. Co., Mo.Sup., 260 S.W.2d 487 [3], certiorari denied 347 U.S. 956, 74 S.Ct. 682, 98 L.Ed. 1101; Ottley v. St. Louis-San Francisco Ry. Co., 360 Mo. 1189, 232 S.W.2d 966 [10]; Henwood v. Coburn, 8 Cir., 165 F.2d 418 [7]. Instruction III, in effect, submitted conversely to plaintiff's submission the issues of the sawhorse not being a safe instrumentality and that plaintiff's fall was the result of any defect in the sawhorse. While the instruction, after hypothesizing the fact that plaintiff did not properly place his weight on the sawhorse, uses the language "that such failure of the plaintiff, if any, was a failure to exercise reasonable care for his own safety," it does not in fact or inferentially submit contributory negligence as a defense because this phrase is preceded by the direction that the finding on the question of liability can be for defendant only if the jury found that the injury to plaintiff "was caused solely" by the acts hypothesized which the jury could find constituted a failure by plaintiff to exercise reasonable care for his own safety. Although the arrangement is different, we see no substantial difference in this instruction and the instruction in Jones v. Illinois Terminal R. Co., supra. Under the evidence, and under the verdict-directing instructions of plaintiff and defendant, whether plaintiff's injuries resulted wholly or in part from the negligence of the defendant, or solely from those acts of plaintiff which constituted a failure on his part to exercise reasonable care, was clearly for the jury. Chicago, St. P., M. & O. R. Co. v. Arnold, 8 Cir., 160 F.2d 1002 [1].

■ Plaintiff also argues that instruction III conflicted with defendant's in-

struction IV which pertained to the issue of damages. Instruction III permitted a verdict for defendant only if plaintiff's injuries resulted solely from plaintiff's failure to exercise reasonable care for his own safety. Instruction IV pertained to the measure of damages if the jury found that plaintiff's injuries resulted in part from defendant's negligence and in part from plaintiff's failure to exercise reasonable care for his own safety. These instructions were not in conflict in the respect contended.

Plaintiff next contends that the instruction "ignores plaintiff's theory of negligence as set out in instruction I of the failure to furnish a ladder instead of a sawhorse." The mere failure to furnish a ladder instead of a sawhorse, standing alone and without more, would not constitute negligence. Plaintiff recognized in his instruction that in order to establish negligence it was also necessary to establish that the sawhorse was not a reasonably safe instrumentality for plaintiff to use in getting into the freight car and that defendant knew or should have known this. Instruction III does not ignore this necessary part of plaintiff's theory of negligence. It requires a finding by the jury that the use of the sawhorse was a reasonably safe method of getting into the freight car.

In the last challenge by plaintiff to this instruction he groups together in general language several objections. He contends the instruction fails to hypothesize sufficient facts converse to those set out in plaintiff's instructions, it fails to hypothesize sufficient facts from which a jury could find that plaintiff's negligence was the sole proximate cause of plaintiff's injuries, it submits abstract propositions of law, and it fails to require a finding that defendant was free of any concurring negligence. A mere statement of these objections constitutes a full statement of the argument advanced by plaintiff. He does not point out or attempt to show wherein the instruction fails in these named respects; he only says it does.

Plaintiff contended that the sawhorse broke and turned over sideways. Defendant offered evidence that it "upended" because plaintiff did not properly place his weight on it. Otherwise there was no dispute as to the essential facts and circumstances which resulted in plaintiff's injuries. Instruction III made reference to the sawhorse mentioned in the evidence and there could be no question as to which sawhorse reference was thereby made. Facts were hypothesized concerning the cause of the fall according to defendant's contention. In Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 500, this court stated that the purpose of a verdict-directing instruction is to make clear to the jury the essential fact issues it is to decide, and that where the evidence presents two or more divergent sets of essential facts, under one or more of which plaintiff would be entitled to recover and under one or more of which he would not, then a verdict-directing instruction or instructons given in his behalf should hypothesize, either by recital or by reference to other instructions, the facts essential in law to support the verdict. It was then stated: "In like manner, verdict-directing instructions in behalf of the defendant should recite on their face or by reference to other instructions any essential fact or facts shown or not shown which will defeat plaintiff's right of recovery. Where there is no divergence in or denial of the essential facts, then the ultimate issue of the negligence pleaded and its being the proximate cause of the injury or damage alleged may be submitted by reference to the facts and circumstances shown by the evidence without specific hypothesization in the instructions. And, we may add, that if either of the parties deems a hypothesized fact or situation not to have been clearly or sufficiently hypothesized in any instruction, he should offer a clarifying or amplifying instruction." Plaintiff offered no such instruction.

While instruction III is not as clear or as well worded as it would have been easy to make it, yet it conversed essential findings to plaintiff's theory of re-

covery, that is, that the sawhorse was not a reasonably safe instrumentality for plaintiff to use to get into the boxcar and that plaintiff's fall and injuries did not result from any defect in or failure of that particular sawhorse, and it also required a finding that plaintiff's injuries resulted *solely* from plaintiff's failure to exercise reasonable care for his own safety, the facts of which were hypothesized. Plaintiff does not point out the abstract propositions of law in the instruction which he believes to be prejudicial to him and we do not find the instruction prejudicially erroneous for the other reasons advanced.

 Plaintiff incidentally mentions in his brief other matters pertaining to instruction III, but we find them not to be prejudicially erroneous. We do not believe that it was essential that instruction III specifically refer to plaintiff's verdict-directing instruction, at least when plaintiff does not point why it should have done so, and the instruction was not prejudicially erroneous for the reason that it did not contain a definition of "reasonable care." Plaintiff offered no instruction containing a definition of that term. Such was his duty if he felt a definition was necessary. Henson v. Jasinsky, Mo.Sup., 251 S.W.2d 601[1]. The trial court considered that instruction III did not mislead the jury, and plaintiff has not established prejudicial error.

Instruction IV was not a verdict-directing instruction but pertained to the basis for the measure of damages which would have been assessed and awarded by the jury had it found for plaintiff on the issue of defendant's liability, and consideration of the issues of damages was never reached by the jury. By a separate instruction the jury was specifically told that it should first determine if defendant was negligent, and unless and until it so determined it should not give consideration to the amount, if any, plaintiff might be entitled to recover. Plaintiff does not complain of that instruction. Plaintiff could not have been prejudiced by the claimed error, if any, in instruction IV. Dryden v. St. Louis Public Service Co., Mo.Sup., 264 S.W.2d 329 [3].

Defendant's motion to dismiss this appeal for failure of plaintiff to comply with 42 V.A.M.S. Supreme Court Rule 1.08 is denied. The two instructions of defendant are not prejudicially erroneous in the particular respects contended and briefed here, and therefore, the judgment of the trial court is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.